# HULL-DOBBS, INC., Plaintiff in Error, v. WALTER H. MALLICOAT, Defendant in Error.*—415 S.W.(2d) 344.

Eastern Section. December 3, 1966.

---

* No petition for certiorari filed. Approved for publication by P. J., Middle Section and two other members of the Court.

Poore, Cox, Baker & McAuley and Louis Hofferbert, Knoxville, for plaintiff in error.

Sumter D. Ferguson, Jr., Knoxville, for defendant in error.

McAMIS, P. J.   Walter H. Mallicoat, Jr., brought this action in the General Sessions Court to recover of Hull-Dobbs, Inc. ''damages in an amount to be determined by the court and caused by breach of contract and fraud in the sale to plaintiff of a 1956 Ford.'' The Sessions Court rendered judgment for $628.58 which, on appeal to the Circuit Court, was affirmed. The present appeal to this court by Hull-Dobbs Inc., resulted.

The assignments are (1) that the court erred in allowing oral testimony to contradict a written instrument and (2) erred in failing to dismiss the case against the plaintiff in error under the provisions of the Uniform Commercial Code. There is no assignment that the evidence preponderates against the finding of the Circuit Judge that the car was not as represented. If this question of the preponderance of the proof should be considered as raised by the supporting brief when taken in connection with the assignments we would be compelled, after a careful review of the proof, to concur in that finding.

Being unable to locate the trouble, plaintiff had the car examined by Arthur Creswell, a mechanic. Mr. Creswell testified a hole had rusted through the control arm where it fastens on the frame and ''that it was just laying where it should have been tightened in there.'' This defect left the driver with little control over the car. He further testified the defect would not be noticed without getting under the car and was such that he might have failed to see it himself, although a mechanic.

As to the admissibility of parol evidence, it appears from the record the objection was based upon the provision of the Security Agreement that the debtor "has this day examined and accepted *in its present condition*" the described automobile. (Italics ours) There is in the record another document entitled "Retail Buyer's Order" signed by plaintiff which undertakes to exclude warranties or parol representations, but the objection to plaintiff's testimony as to representations made by the salesman, as above said, was predicated solely on the language of the Security Agreement.[1]

We think the evidence was properly admitted.

T.C.A. 47-2-202 (Commercial Code, Chapter 81, Section 1, Acts of 1963) provides:

"PAROL OR EXTRINSIC EVIDENCE. Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented.

(a) by course of dealing or usage of trade (Sec. 47-1-205) or by course of performance (Sec. 47-2-208); and

(b) by evidence of consistent additional terms *unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.*" (Italics supplied)

---

[1] Failure to interpose these provisions of the Buyer's Order may be due to the fact that it states on its face that it was not an order until accepted by an official of the company and the space opposite the word "Accepted" was never filled in, or due to the recognition that it became merged in the "Security Agreement".

The Security Agreement states that it constitutes the entire "agreement" between the parties but as to "warranties, representations and promises" the language is that they are not "to be binding on any *assignee*" of the seller. Since the "agreement" and "representations, warranties and promises" are treated as being separate and distinct and representations as to the condition of property sold are not generally considered a part of the agreement but an inducement to the execution of the sale agreement, we can not say the parties intended the Security Agreement to be a final statement of the terms of the sale. Representations as to the condition of the car are not inconsistent with any provision of the contract even if it should be held that the Security Agreement was intended as a final statement of the terms of the sale. So, if we are mistaken in holding the representations an inducement to the contract rather than a part of it, we hold the Security Agreement as written was not intended as the final expression of the agreement of the parties.

In the absence of plainer language we are not warranted in changing the previously existing rule that:

"The parol evidence rule does not apply where the parol evidence in no way contradicts or alters the terms of the written contract but the representations or statements are made as an inducement to the contract and form the basis or consideration of it." Haynes v. Morton, 32 Tenn.App. 251, 222 S.W.2d 389.

Under comment 3 appearing under this Section of Tennessee Code Annotated it is said:

"Under paragraph (b) consistent additional terms, not reduced to writing, may be proved unless the court finds that the writing was intended by both parties as a com-

plete and exclusive statement of all the terms. If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then evidence of their alleged making must be kept from the trier of fact.''

■ As above said, representations are generally to be considered the inducement to, or the consideration for the agreement. So, we would not expect them to be included in the written agreement. In holding they are not inconsistent with the terms of the contract we have not overlooked the words ''accepted in its present condition.'' This language refers to acceptance and is not to be taken as synonymous with ''as is,'' ''with all faults'' and other like expressions which according to common usage call the buyer's attention to the exclusion of representations and warranties and under T.C.A. 47-2-316, tend to exclude implied warranties of merchantability.

Since we hold there were express representations and warranties not in conflict with the terms of the contract, it becomes unnecessary to consider whether there was also an implied warranty of fitness.

There is no assignment complaining of the amount of the judgment and, for that reason, we have not considered whether defendant is entitled to a credit of $150.00 which the car brought at the sale and which was credited on Mallicoat's indebtedness to the Volunteer Finance & Loan Corporation. If counsel consider this question still open an appropriate petition may be filed before the entry of judgment in this Court and within 10 days from this date.

Affirmed at the cost of Hull-Dobbs, Inc., and appeal sureties.

Cooper and Parrott, JJ., concur.