A & A DISCOUNT CENTER, INC. v. QUENTIN R. SAWYER AND LOU L. SAWYER

No. 7518SC512

(Filed 19 November 1975)

**Evidence § 32— parol evidence rule — representation by salesman**

A printed form contract for construction of a swimming pool executed by the parties was not intended to integrate and supersede all negotiations, representations and agreements between the parties, and the parol evidence rule did not exclude evidence of a representation or warranty by plaintiff's salesman that the pool would be suitable for commercial use.

APPEAL by defendants from *Crissman, Judge.* Judgment entered 27 March 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 25 September 1975.

In this action plaintiff seeks to recover of the defendants the sum of $6100 for the installation of a swimming pool. Jury trial was waived. The plaintiff's evidence tends to show that on 20 May 1972, its salesman, James Tumlin, met with the defendants at their home. A contract was executed providing for the installation by the plaintiff of a swimming pool, size 20' x 40', for which the defendants agreed to pay $6100 in cash. Installation was completed on 24 June 1972, when defendants signed a certificate that the work was satisfactorily completed and that they would pay cash within 60 days. Plaintiff's president, Jack Spital, visited the defendants in September and they advised him that they would not pay the $6100 until the pool was altered to a commercial pool. Spital agreed to change it to a commercial pool. He testified that weather conditions prevented the change until March 1973, when he sent a crew to do the work, but the defendants would not allow them to do so. By letter dated 2 March 1973 to the defendants, Spital wrote that he could not "argue with your justified position concerning the installation and service on your swimming pool." and that he was prepared to send a service crew but he understood that the defendants would not welcome them.

Defendants' evidence tended to show that they operated a campground; that plaintiff's salesman, Tumlin, told them the pool could be used commercially and that they would help pay for the pool by charging local kids for using it on a day camp basis. Defendants had no knowledge of the requirements for commercial use of the pool.

Defendants attempted to offer into evidence statements made by the salesman, Tumlin, to show that they were induced to sign the contract by his promise that the pool would be suitable for commercial use. The trial judge excluded this evidence.

The court found that the contract was duly executed, was performed by plaintiff and breached by the defendants, and rendered judgment for the plaintiff in the sum of $6100.

*Alspaugh, Rivenbark & Lively by James B. Rivenbark for plaintiff appellee.*

*Harris & McEntire by Mitchell M. McEntire for defendant appellants.*

CLARK, Judge.

The crux of defendants' argument on appeal is that the trial judge erred in excluding the testimony offered by them relative to the representations of plaintiff's salesman as to the suitability of the swimming pool for commercial use. When the trial court ruled that this evidence was not admissible, counsel for the defendants informed the court that he wanted to show that the purpose (commercial use of the pool) was known by the parties. The court replied that "the terms of the contract speak for itself and what led up to that signing is another proposition." It is apparent from this statement and other rulings on the evidence that the testimony offered by the defendants relative to suitability for commercial use was excluded by the court because of the parol evidence rule. It is also obvious that in rendering judgment for the plaintiff the court considered no oral agreement or promise outside the written terms of the contract.

The record on appeal does not disclose the standards imposed by local government for commercial swimming pools. However, it must be inferred from the evidence in the record that there were local ordinances which required that commercial pools meet certain physical standards which were not required

for residential pools. Defendants testified that they had no knowledge of the standards required for commercial use of a swimming pool, and that they told plaintiff's salesman they would need to use it commercially in order to pay for it. Apparently, the evidence excluded by the trial court tended to show that plaintiff's salesman told defendants that the swimming pool could be used by them commercially. This, in effect, was a representation or warranty that when the pool was installed as specified in the contract it would meet the standards imposed by local authority for commercial use. The printed form contract was then executed by the parties, and it contained no provision relating to suitability for either commercial or residential use. Under these circumstances, the written contract was not intended by the parties to include this representation.

If testimony is offered to prove that a party to the written contract made extrinsic promises, warranties, or representations the testimony is generally excluded by the parol evidence rule.

> "Nevertheless, such writings do not always state the entire bargain, even in the absence of such fraud or mistake as justify reformation or a decree setting aside an ordinary contract. The parties may merely omit one of the promises or warranties actually made. No supposedly implacable 'parol evidence rule' should close the door to proof that there was such an omission. The burden of establishing it may be heavy; but the surrounding circumstances and the testimony of disinterested witnesses may bear it successfully. . . . " 3 Corbin on Contracts, § 585, p. 481 (1960).

If a writing is intended to supersede all other agreements relating to the transaction, it may be termed a total or complete integration; if it supersedes only a part, it is a partial integration. In the latter case those portions of the transaction which were not intended to be superseded are legally effective and therefore may be shown by parol. 2 Stansbury, N. C. Evidence 2d, (Brandis rev. 1973) § 252.

It is our opinion that the printed form contract executed by the parties was not intended to integrate and supersede all of the negotiations, representations and agreements between the parties, and that the evidence of the representation or warranties that the pool would be suitable for commercial use was

not excluded by the parol evidence rule and was erroneously excluded by the trial court.

New trial.

Judges BRITT and PARKER concur.