No. 48,044

Arthur N. Jordan, *Appellant*, v. Doonan Truck & Equipment, Inc., *Appellee.*

(552 P. 2d 881)

Opinion filed July 23, 1976.

*Ron Svaty,* of Aylward, Svaty & Laubengayer, of Ellsworth, argued the cause and was on the brief for the appellant.

*Robin L. Wick,* of Turner and Hensley, Chartered, of Great Bend, argued the cause, and *Raymond L. Dahlberg,* of the same firm, was on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an action brought by plaintiff-appellant, Arthur N. Jordan, to recover damages from defendant-appellee, Doonan Truck & Equipment, Inc., for breach of oral express warranties and representations allegedly made by appellee during negotiations prior to the purchase of a truck. Appellant contends the trial court erred by refusing to instruct the jury that express warranties could not be excluded or disclaimed.

On or about February 10, 1972, appellant and his brother, Charles Jordan, went to appellee's place of business in Great Bend, Kansas, to inquire about the purchase of a truck. The substance of the negotiations is subject to considerable dispute. According to testimony of appellant and his brother, when discussing the purchase of a 1962 Peterbilt truck, appellee's employees repre-

sented that the engine would run for three or four months without having any major repair work done, that the truck was basically in sound condition, and that the cab legs and kingpins were in good shape.

The employees of appellee denied making any such representations as to the condition of the truck, other than stating that it was generally sound. Jack Goldman, a used truck salesman for appellee, testified that the truck he showed appellant had been placed on the back lot since it still needed repair work. He testified that after showing appellant the Peterbilt truck they dickered on the price. He claimed he told appellant the price of the truck was $5,500 and that figure included additional work to get it ready for sale. Appellant told Goldman he would do the work himself and he would give $3,000 for it without any guarantee or warranties. When the deal was approved by appellee, appellant read and signed a "Purchaser's Retail Order Form." The contract listed the total sales price as $3,000 and in fine print on the lower corner of the document stated that it was "the complete and exclusive statement of the terms of the agreement relating to the subject matters thereby." Handwritten on the face of the form was the additional disclaimer that the used truck was "Sold as is, where is, no warranty." Appellant testified that he read the disclaimer and knew what it meant, but he still assumed the earlier representations were true.

Immediately after purchasing the truck appellant was forced to spend considerable money for repairs. The kingpins, air cleaner, and front wheel bearings had to be replaced. The right cab leg had broken off, the engine block had cracks in it, and the engine had to be replaced. In all, appellant claims he spent $7,246.08 to place the truck in working condition.

Suit was subsequently brought by appellant for the cost of repairs and loss of the use of the truck, as well as punitive damages. The jury returned a verdict for appellee and a timely appeal was filed to this court.

Appellant argues the trial court erred in refusing to instruct the jury that oral express warranties could not be disclaimed. Appellant's petition alleged appellee made false oral representations and warranties as to the condition of the truck, which he relied upon in entering into the written contract. Appellee answered by denying any such warranties were made and setting up the defense of warranty disclaimers in the purchase order contract. At trial,

appellee objected to the introduction of any evidence of the alleged oral warranties on the ground evidence of prior oral agreements was inadmissible under the parol evidence rule, K. S. A. 84-2-202. The trial court, overruled the objection and permitted testimony by appellant and his brother as to the substance of the representations made by appellee prior to entering into the contract. Throughout the trial appellee emphasized its position that regardless of any statements made by its employees, the written contract controlled and the truck was sold "as is, where is, no warranty."

Appellant requested the court to instruct the jury to "deny effect to disclaimer language which is inconsistent with an express warranty." It is the court's refusal to so instruct which forms the basis of appellant's argument on appeal.

It is appellant's position that under K. S. A. 84-2-316 (1) oral express warranties by the seller cannot be excluded or modified by disclaimer clauses contained in a written contract. Because appellee relied principally upon the disclaimer language found in the "Purchaser's Retail Order Form," appellant contends the jury should have been instructed to disregard such language. Had this been done, appellant believes the jury would have awarded damages to him based on the breach of the oral express warranties.

Appellant's entire case rests upon the oral representations allegedly made by various employees of appellee prior to the signing of the contract. Rather than responding to appellant's argument on the effectiveness of the disclaimer language, appellee argues it is unnecessary to reach that question because the evidence of the oral warranties was inadmissible in the first place. If the evidence of the oral warranties was inadmissible, as appellee contends, then appellant's cause of action for breach of warranty must necessarily fail.

The Uniform Commercial Code provision controlling the exclusion or modification of warranties is K. S. A. 84-2-316. Subsection (1) thereof states:

"Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this article on parol or extrinsic evidence (section 84-2-202) negation or limitation is inoperative to the extent that such construction is unreasonable."

Subsection (1) is expressly made subject to the provisions of the parol evidence rule found in 84-2-202, which states:

"Terms with respect to which the confirmatory memoranda of the parties

agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented.

"(a) by course of dealing or usage of trade (section 84-1-205) or by course of performance (section 84-2-208); and

"(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

These two sections of the Code, 2-202 and 2-316 (1), create a conflict as to whether parol evidence is admissible to establish the existence of oral express warranties which are inconsistent with disclaimers in a written contract. On the one hand, 2-316 (1) directs that when the oral warranty and the written disclaimer cannot reasonably be construed as consistent with each other, the disclaimer is ineffective and the warranty prevails. This result, however, is made subject to the parol evidence rule under 2-202. If the writing is intended to give final expression of the parties' agreement, then evidence of prior oral express warranties is inadmissible. Several jurisdictions have held that 2-202 is not a bar to the admission of oral express warranties because the written contract was not intended as a "final expression" of the parties' agreement. (*Zwierzycki v. Owens*, 499 P. 2d 996 [Wyo. 1972]; *Hull-Dobbs, Inc. v. Mallicoat*, 57 Tenn. App. 100, 415 S. W. 2d 344 [1966]; *Discount Center v. Sawyer*, 27 N. C. App. 528, 219 S. E. 2d 532 [1975].) In other cases the courts have refused to permit the introduction of similar parol evidence on the ground that 2-202 prevails over the disclaimer provisions of 2-316 (1). (*Green Chev. Co. v. Kemp*, 241 Ark. 62, 406 S. W. 2d 142 [1966]; *Avery v. Aladdin Products Division, National Service Industries, Inc.*, 128 Ga. App. 266, 196 S. E. 2d 357 [1973]; *Tracy v. Vinton Motors, Inc.*, 130 Vt. 512, 296 A. 2d 269 [1972]; *Investors Premium Corp. v. Burroughs Corp.*, 389 F. Supp. 39 [D. C. S. C. 1974].)

In accordance with the oft-stated rule of statutory construction it is the duty of courts to ascertain the intent of the legislature from the subject matter of the statute and, so far as practicable, reconcile various conflicting provisions of an act in order to make them consistent, harmonious, and sensible. (*Fleming Company v. McDonald*, 212 Kan. 11, 509 P. 2d 1162; *Scogin v. Nugen*, 204 Kan. 568, 464 P. 2d 166; *Jennings v. Jennings*, 211 Kan. 515, 507 P. 2d 241; *Great Lakes Pipe Line Co. v. Wetschensky*, 193 Kan. 706, 396 P. 2d 295.) In an attempt to give effect to both of the statutes involved and arrive

at a reasonable construction, we should look to the policy behind the enactment of these statutes.

The Kansas Comment to 2-316 explains that it is the policy of the Code to deny effect to disclaimer language which is inconsistent with an express warranty. The Official UCC Comment makes clear that this section was intended to cover those frequent situations where the sales contract purports to exclude "all warranties, express or implied." "It seeks to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty . . ."

From the Comments accompanying 2-202 and case law construing that section, it is clear the Code is not meant to change the local parol evidence rule. 2-202 does not preclude the admission of parol evidence if the written agreement was not intended by the parties as a final expression of their agreement. It has also been held in many jurisdictions that, although not referred to in the statute, fraud is an exception to the parol evidence rule. (*Associated Hardware Supply Co. v. Big Wheel Distrib. Co.,* 355 F. 2d 114 [3d Cir. 1965], 17 A. L. R. 3d 998; *Ed Fine Oldsmobile, Inc. v. Knisley,* 319 A. 2d 33 [Del. Super. 1974].)

The purpose of the Code provisions with respect to warranty disclaimers and parol evidence is to protect the buyer from "unexpected and unbargained" language of disclaimer, while at the same time providing the seller with a defense against false allegations of sales representations.

Mindful of the policy behind the statutes we conclude that under the facts and circumstances of the instant case the trial court erred in admitting the parol evidence of the alleged express warranties. Although appellant's testimony, if believed, would be sufficient to create express warranties inconsistent with the disclaimer in the purchase order contract, the parol evidence rule operates to exclude the testimony relied on to prove the alleged representations. We are satisfied the purchase order contract was intended by the parties as a final expression of their agreement. Appellant has failed to adequately allege or prove such fraud as would bar the application of the parol evidence rule. It is undisputed that appellant read the contract, saw the handwritten disclaimer, understood what it meant, and signed the contract. This is clearly not the situation where a purchaser is surprised by "unexpected and unbargained"

language of a disclaimer. We believe that appellant's right to rely on appellee's representations in the face of the unequivocal and conspicuous "as is" disclaimer is unsupported. Accordingly, we hold that under 2-202 the testimony as to the alleged representations made by appellee's employees was inadmissible.

This being true, appellant's cause of action for breach of express warranty cannot stand and it is immaterial whether the trial court instructed the jury as to the effect of the disclaimer. Having reached the right decision, albeit for the wrong reason, the judgment of the trial court is affirmed. (*George v. Ayesh,* 179 Kan. 324, 295 P. 2d 660; *Henks v. Panning,* 175 Kan. 424, 264 P. 2d 483.)

Affirmed.