Robert **STAMP** and wife, Mary Stamp, Plaintiffs/Appellees,

v.

**HONEST ABE LOG HOMES, INC.,** Defendant/Appellant.

Court of Appeals of Tennessee, Middle Section, at Jackson.

Nov. 2, 1990.

Permission to Appeal Denied by Supreme Court Feb. 4, 1991.

**456**

John T. Gwin, Mt. Juliet, for plaintiffs/appellees.

John C. Heath, Livingston, for defendant/appellant.

## OPINION

CANTRELL, Judge.

The appellants seek review of an adverse jury award for negligent misrepresentation, contending that the appellees have failed to establish their claim as matter of law. The appellants also argue that this case is controlled by the parol evidence rule and its application prevents any recovery. We disagree and affirm the holding of the court below.

The appellees, Robert and Mary Stamp, were interested in having a log home built in Wilson County, Tennessee. The Stamps had no building or construction experience themselves, and were seeking a "lock and key" job. This term refers to the process whereby one company is hired to supply blueprints, building materials and a contractor to completely finish a home. The homeowner merely pays the contract price, and has the entire home built for him.

The Stamps approached the appellants, Honest Abe Log Homes, Inc., about building their home. They spoke with an agent of the company, Jim Smith, and told him what they were looking for. Smith informed the Stamps that his company did not build homes, but merely sells log home kits consisting of materials and blueprints. The Stamps reiterated that they would not contract with Honest Abe to purchase the materials unless a lock and key job could be arranged.

During their initial meeting, Smith gave the Stamps a pamphlet entitled "Getting The Job Done". It contained a section dealing with turn-key construction, stating that this service can be arranged or that Honest Abe would be glad to recommend a contractor. Smith told the Stamps that Honest Abe could provide them with the services described in the pamphlet, and that he would supply them with a contractor.

Smith subsequently contacted James Cochran and told him that the Stamps were prospects for a building job. Cochran then

contacted the Stamps and told them that he was their new contractor. In fact, Cochran was not a licensed contractor and had very minimal experience in building homes. Cochran had purchased a log home kit from Honest Abe several years earlier. There is a dispute as to whether Cochran had built his home himself, or merely hired another contractor to do it. In any event, Cochran told Smith after his house was finished that the construction seemed easy and that he would like to get into the business of building log homes. Smith testified at trial that he knew Cochran was employed in the music business at the time and was not aware of any background Cochran may have had building homes. Nevertheless, Smith placed Cochran's name on an "approved list of contractors" he maintained for referral purposes.

The Stamps met with Cochran several times to discuss the plans for building their home. They had already purchased a set of blueprints from Honest Abe, which were custom designed to their specifications. On April 25, 1985, the Stamps contracted with Cochran to build their home for $60,-000.00. On May 15, 1985, the Stamps entered into a contract with Honest Abe to purchase a log home kit for $24,042.38.

In preparing his bid, Cochran consulted with Honest Abe about the amount of the contract, and obtained Smith's opinion before presenting it to the Stamps. During construction of the house, Cochran constantly sought Smith's advice about problems that arose. The job was substantially underbid and Cochran eventually left the job, uncompleted, with serious structural and other defects.

The Stamps filed suit on September 3, 1985, in the Wilson County Circuit Court. Their complaint alleges that Honest Abe was negligent in representing Cochran to be an experienced, qualified and licensed contractor, and was negligent in recommending Cochran to them. Following a jury trial, a verdict was returned in favor of the Stamps.

■ The appellants contend that this case is controlled by the parol evidence rule and since their entire agreement was re-duced to writing, the appellees are not entitled to take anything. The contract that the Stamps signed with Honest Abe contained a clause disclaiming any liability in connection with the construction of the house. During trial, Mrs. Stamp testified that Smith told her the disclaimer did not apply since they were getting a lock and key job. The argument then, is that since their entire agreement was reduced to writing, the parol evidence rule will not allow evidence of this prior oral statement.

The general rule is that parol evidence is not admissible to contradict, alter, or vary the terms of a written instrument, except upon grounds of estoppel, fraud, accident or mistake. *Myers v. Taylor*, 107 Tenn. 364, 64 S.W. 719 (1901); *Littlejohn v. Fowler*, 45 Tenn. (5 Cold.) 284 (1868). There are many exceptions to the rule which will allow extrinsic evidence to be considered for other purposes, such as to explain the terms of an agreement. *Telerent Leasing Corp. v. Pacific E. Co.*, 594 S.W.2d 714 (Tenn.Ct.App.1979). But we need not concern ourselves with the rule, or the exceptions, because neither has application in the present case.

The rule was originally adopted to prevent fraud and perjury, and for convenience and necessity. It is a doctrine which allows a court to ascertain the meaning and intention of the parties merely by looking to the face of the contract. *See generally* 11 Tenn.Jur. *Evidence* § 120 (1984). But this is an action in tort, for negligent misrepresentation of a material fact. The appellees' claim does not require an interpretation of their contract with the appellant. The appellees assert that Honest Abe was negligent in representing Cochran to be an experienced, qualified and licensed contractor. We, therefore, overrule this assignment of error.

■ The appellants also contend that, as a matter of law, there has not been any negligent misrepresentation on their part. Specifically, the appellants argue that Honest Abe did not misrepresent any material fact, that any statements made concerning Cochran's qualifications were not negli-

gent, and that the Stamps did not rely on any such statements.

In this jurisdiction, it is well settled that § 552 of the Restatement (Second) of Torts is the appropriate standard to be used in determining liability for negligent misrepresentation. *Pietramale v. Dugay*, 714 S.W.2d 281 (Tenn.1986); *Tartera v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780 (1970). That section provides in pertinent part:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552 (1977).

Applying the analysis of the Restatement to the present case, we conclude that the record contains sufficient material evidence to support the jury verdict. Smith was clearly acting in the course of Honest Abe's business when he supplied false information for the Stamps' guidance in their business transaction. The false information was that Cochran was a contractor and that was a material fact, not merely an opinion. The other representations made by Smith, that Cochran was experienced and qualified, may come closer to being an opinion. But where a statement is of such a nature that it may be interpreted as either an expression of opinion, or as a statement of fact, the resolution of the matter is a question for the jury. *Mackie v. Fuqua*, 14 Tenn.App. 176, 185 (1931).

The final elements of this tort are justifiable reliance upon the information by the one receiving it, and the failure to exercise reasonable care in obtaining or communicating the information. We find sufficient material evidence in the record to support both elements. Mrs. Stamp testified that she told Smith during one of their initial meetings that they had no building experience, that they wanted a first class job, and to make sure that everything was good quality. Mrs. Stamp also informed Smith that they would not consider purchasing the logs form him unless he had contractors to build the home. Smith assured the Stamps that he had two very reputable crews of contractors that could give them a lock and key job. We conclude that the Stamps were justified in relying on Smith's representations as to Cochran's qualifications.

Smith testified at trial that he had no knowledge of Cochran's work or educational background prior to referring him to the Stamps. The only thing Smith knew about Cochran's experience in building log homes was that Cochran had purchased a log package from him several years earlier. We conclude that Smith failed to use reasonable care in representing Cochran as an experienced, qualified and licensed contractor, in that he never took any steps to ascertain the truth of such representations.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Wilson County for the collection of its costs and any further proceedings that may become necessary. Tax the costs on appeal to the appellants.

LEWIS and KOCH, JJ., concur.