No. 48,655

ORLAN L. EURICH, JR., *Appellee,* v. WESLEY D. ALKIRE,
*Appellant.*

(579 P.2d 1207)

Opinion filed June 10, 1978.

*Christopher Randall,* of Turner, Hensley and Boisseau, Chartered, of Great Bend, argued the cause and was on the brief for the appellant.

*Dennis J. Keenan,* of Keenan, Mauch & Keenan, P.A., of Great Bend, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an interlocutory appeal from an order granting summary judgment in favor of plaintiff Orlan L. Eurich, Jr., on the issue of liability in an action seeking recovery for personal injury.

This is the second of two cases arising from a two-car crash on February 24, 1975, in Great Bend, Kansas. One car was driven by Bonnie Faris and the other car contained Eurich and Wesley D. Alkire, the defendant herein.

The first lawsuit was instituted by Faris against Eurich and Alkire. In her petition she alleged she did not know who was driving but claimed both defendants were intoxicated and the driver was negligent. Each defendant filed a separate answer alleging the other to be the driver and himself to be a sleeping passenger. At pretrial plaintiff Faris amended her petition alleging that if the owner of the car, Alkire, was not driving he was guilty of negligent entrustment for allowing Eurich to drive when he knew Eurich was intoxicated. At trial the jury answered special verdicts finding Eurich was the driver at the time of the accident. Damages to plaintiff were $50,000, and fault was 40% attributable to Eurich and 60% to Alkire for negligent entrustment.

This case was filed before the trial of the first lawsuit. Following the decision in the first case, Alkire moved for summary judgment in the instant case. On July 30, 1976, the district court granted judgment on liability, holding that the jury's findings in the first case controlled. Because of our decision in *Williams v. Evans,* 220 Kan. 394, 552 P.2d 876 (1976), decided only one week prior to the trial court's decision herein, Alkire moved for reconsideration. In *Williams* we held that a prior judgment against codefendants does not activate the doctrine of collateral estoppel as to liability between the defendants, pointing out that the question of liability between the defendants was not put in issue in the prior case. The trial court held *Williams* was not applicable.

*Williams* was decided prior to the adoption of our comparative negligence act (K.S.A. 60-258a). The parties herein raise the issue of whether the collateral estoppel rule pronounced in *Williams* is applicable after the adoption of comparative negligence. While it is logical that we consider that issue, we deem it more important to the bench and bar of this state that we decide this action upon a basic construction of the comparative negligence act.

We first refer to *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 (1978), for its review of basic rules of statutory construction and the determination of two important issues in the history of our comparative negligence statute. We there held that the act abolishes joint and several liability and that the individual liability for damages should be based on the proportionate fault of all parties to the occurence.

As pointed out in *Brown,* the Kansas comparative negligence act is a multipurpose act which goes far beyond a basic comparison of the contributing negligence of each of the parties to the cause of an accident or injury. The act comprehensively provides machinery for drawing all possible parties into a lawsuit to fully and finally litigate all issues and liability arising out of a single collision or occurrence, and apportion the amount of total damages among those parties against whom negligence is attributable in proportion to their degree of fault.

Looking to the historical background of the enactment, the circumstances attending its passage, and the purpose to be accomplished by the act, as is required when construing any legis-

lative act (*Brown v. Keill,* supra), we believe it was the intent of the legislature to fully and finally litigate all causes of action and claims for damage arising out of any act of negligence subject to K.S.A. 60-258a. The provision for determining the percentage of causal negligence against each person involved in a negligence action contemplates that the rights and liabilities of each person should be determined in one action. Because all issues of liability are determined in one action there can be no reasonable argument that the issues should be relitigated. Likewise, there is no reasonable argument for the proposition that a claim for damage arising out of one collision or occurrence should not be presented at the time negligence is originally determined. We believe this construction satisfies the rule that it is the duty of the courts to ascertain the intent of the legislature from the subject matter of the statute and, so far as practicable, reconcile various conflicting provisions of the act in order to make them consistent, harmonious, and sensible. (*Jordan v. Doonan Truck & Equipment, Inc.,* 220 Kan. 431, 434, 552 P.2d 881 [1976].)

We conclude that all persons who are named as parties and who are properly served with summonses are bound by the percentage determination of causal negligence. Because the statute contemplates that each party has a right to cross-claim against any or all other parties to a lawsuit, we hold that any party who fails to assert a claim against any other party in a comparative negligence action is forever barred. A corollary rule naturally follows that a person who has not been made a party to a comparative negligence case should not be bound by a judgment therein, even though his causal negligence may have been determined.

Applying the foregoing to the facts of this case, we find that Eurich was a named party served with a summons in the first case, and because he failed to make a claim against Alkire or plaintiff Faris, such claim is now barred.

The judgment is reversed.