No. 60,509

JACK MATHIS, *Appellant*, v. TG&Y, *Appellee.*

(751 P.2d 136)

Opinion filed February 29, 1988.

F. C. *"Rick" Davis II,* of Bruce & Davis, of Wichita, argued the cause and was on the brief for appellant.

*Amy S. Lemley,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiff/appellant Jack Mathis filed a personal injury suit against defendant/appellee TG&Y. Prior to adjudication of the action, plaintiff filed a second suit, arising out of the same set of facts, against other defendants. Plaintiff settled the second suit and it was dismissed with prejudice. TG&Y moved for dismissal of this suit claiming that the dismissal of the second action precluded Mathis from proceeding in this suit. The district court dismissed based on *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 634 P.2d 1127 (1981). We disagree with the district court's application of *Albertson* and reverse and remand this case for further proceedings.

Mathis alleged a loose door closure hit his head as he was leaving a TG&Y store in Wichita, resulting in tinnitus and

hearing loss. Mathis sued TG&Y in Case No. 85-C-1451 on May 1, 1985. In response to interrogatories, TG&Y stated that it intended to compare the negligence of Jacobs Construction Co., Inc., (its landlord) and Hopper's Mirror & Glass, Inc., who had done repair work on the doors. Mathis amended his petition in February, adding these two companies as defendants and also G. & J. Investments, Inc., the original landlord. This suit will be designated the "original suit" for purposes of this opinion.

Later, after discovering that the actual landlord was Vernon Jacobs personally, and that Jacobs had hired Cheney Door Company, Inc., to maintain the doors, Mathis filed a separate suit, 86-C-1466, against those two parties on April 28, 1986, alleging the same facts and injuries. TG&Y never became a party in the second suit.

On June 6, 1986, defendants G. & J. Investments, Inc., Jacobs Construction Co., Inc., and Hopper's Mirror & Glass, Inc., were dismissed without prejudice from the original suit. On September 10, 1986, defendant Cheney Door Company, Inc., was dismissed with prejudice from the second suit. Later, on September 18, 1986, the remaining defendant in the action, Vernon Jacobs, was dismissed. The dismissal order stated the claim had been settled between Jacobs and Mathis. Because of the dismissal of the second suit, there was no judicial adjudication of comparative fault of the defendants.

In the original action, the remaining defendant, TG&Y, rather than joining the other parties to compare their fault, moved to dismiss based on the principles of comparative negligence stated in *Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, and *Teepak, Inc. v. Learned*, 237 Kan. 320, 699 P.2d 35 (1985). The journal entry granting TG&Y's motion to dismiss stated:

"The court finds that as a matter of law and pursuant to *Albertson v. Volkswagen,* and the other cases cited by defendants, plaintiff has split his cause of action, violated the comparative fault doctrine, and that his case against T. G. & Y. should be dismissed."

The plaintiff appealed. The appeal was transferred to this court on our order pursuant to K.S.A. 20-3018(c).

The legislature's purpose in passing K.S.A. 60-258a was two-fold: (1) to abolish contributory negligence as a bar to recovery

and (2) to provide for the awarding of damages on the basis of comparative negligence.

Prior to the enactment of 60-258a, when a plaintiff obtained a judgment against two or more tortfeasors, contribution between the tortfeasors was authorized by K.S.A. 60-2413(b). A plaintiff could choose his defendant and a defendant had no right to bring other tortfeasors into the plaintiff's action. If a plaintiff sued and recovered a judgment against two tortfeasors, plaintiff could proceed to collect all or part of the judgment from either judgment debtor. Each defendant was jointly and severally liable for all of the plaintiff's damages regardless of whether others contributed to cause such injuries. When one judgment debtor had satisfied the entire judgment, that debtor could then recover one half of the amount paid from the other judgment debtor.

After the passage of 60-258a, recovery and duty to pay the injured party became based on the degree of fault of each tortfeasor. The individual liability of each defendant for the payment of damages is computed based on each defendant's proportionate fault; therefore, contribution among joint tortfeasors is no longer possible. To obtain a judgment against each of the tortfeasors, it is now necessary for a plaintiff to join all tortfeasors in one action. *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 (1978).

K.S.A. 60-258a allows all possible parties to be brought into a single lawsuit, to fully and finally litigate all issues and liability arising out of a single occurrence, and to apportion the amount of total damages among those parties against whom negligence is attributable in proportion to the party's degree of fault. All who are named as parties and who are properly served with summonses are bound by the adjudication of the percentage of causal negligence. Because each party has a right to cross-claim against any or all other parties to the lawsuit, any party who fails to assert a claim against any other party in a comparative negligence action is forever barred. A corollary rule naturally follows that a person who is not made a party to a comparative negligence case is not bound by the judgment, even if the person's causal negligence may have been determined. *Eurich v. Alkire,* 224 Kan. 236, 579 P.2d 1207 (1978).

*Albertson* and *Teepak* were decided subsequent to *Brown* and

*Eurich.* In *Albertson,* the plaintiff was injured in a two-car accident. He sued the driver of the other car in state court. The jury determined the plaintiff to be 40 percent at fault and the defendant 60 percent at fault. Albertson recovered 60 percent of his damages from the other driver. Albertson could have sued the manufacturer in the state action, but chose not to for tactical reasons. Albertson then attempted to sue the manufacturer of his automobile in federal court, claiming his injuries were enhanced and increased by design defects of the automobile. The federal court certified the following question to the Kansas Supreme Court:

"Having once obtained a satisfied judgment for a portion of his injuries in a comparative negligence action, may a plaintiff bring an action to recover damages for the remaining portion of his injuries against a defendant not a party to the first action, such second action being based on strict liability in tort?" *Albertson,* 230 Kan. at 369.

The *Albertson* court reviewed the comparative negligence statute and noted that the comparative negligence act does not require all potentially liable parties to be joined in the same action. The joinder provision of 60-258a(c) states:

"On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action."

The court found that this section applied only to joinder of defendants and was permissive. 230 Kan. at 370-71. The court noted that all parties to an injury must have their fault determined in one action, and those not joined in the action may not be sued in a second suit. 230 Kan. at 374.

It must be recognized that *Albertson* involved a second suit brought against a known defendant who could have been joined and subjected to the judgment in the original state action. Because Albertson's injuries were alleged to have been caused by a combination of the collision and the lack of crashworthiness of his vehicle, the causal negligence of both the driver of the other car and the manufacturer of Albertson's automobile had to be determined in one action.

*Albertson* does not apply to the facts in this case. Mathis's second suit was never adjudicated; therefore, there was never a

determination of the fault of those defendants. Because Mathis settled with or dismissed with prejudice the defendants in the second suit, they were no longer responsible to the plaintiff. However, their percentage of fault could have been determined in the original suit whether or not they were parties to that action.

*Teepak, Inc. v. Learned,* 237 Kan. 320, relied upon by TG&Y, is also distinguishable. In *Teepak,* the plaintiff filed a personal injury suit against two corporations for injuries suffered after ingestion of a sausage casing. One of the corporations, Teepak, filed a third-party complaint against Learned, the treating physician, seeking "indemnity or subrogation." After the defendant corporations settled with the plaintiff, the case was dismissed. Teepak, a defendant who had settled with the plaintiff, then sought post-settlement contribution from the physician in a separate action. The *Teepak* court held that under K.S.A. 60-258a, Teepak could have determined the physician's proportionate fault if the original action had been adjudicated rather than settled. Once the fault had been apportioned by adjudication, Teepak would be legally responsible only for its proportionate share of the judgment. Instead, Teepak settled with the plaintiff and then filed a second suit seeking contribution from a joint tortfeasor.

Contribution was a right of sharing of a loss or payment among several parties. One who discharged a common liability had the right to recover from the others who shared the common liability that portion the others ought to bear or pay. By the adoption of comparative negligence, the individual liability of each defendant for payment of the plaintiff's injuries is based on proportionate fault, and contribution among joint tortfeasors is no longer allowed. Teepak, a defendant, who chose to settle rather than adjudicate the physician's negligence, purchased its peace, and, under comparative negligence, was precluded from obtaining contribution from the other defendants.

The legislature in adopting K.S.A. 60-258a imposed individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her

proportionate fault. *Brown v. Keill,* 224 Kan. at 207. It was the intent of the legislature to fully and finally litigate in a single action all causes of actions and claims for damages arising out of any act of negligence. *Eurich v. Alkire,* 224 Kan. 236-37.

After an adjudication of comparative fault, no party should be afforded a second opportunity to litigate percentages of causal negligence. K.S.A. 60-258a certainly contemplates one action in which comparative fault is determined. However, it was never the intent of the legislature or this court to place form over substance and preclude a plaintiff from proceeding against a tortfeasor when there has been no judicial determination of comparative fault. Mathis has been denied his action. TG&Y is not prejudiced by allowing the suit to proceed. It may join other defendants for the purpose of comparing negligence at the trial.

Reversed and remanded for further proceedings.

HERD, J., dissenting: I respectfully dissent. We have repeatedly held that under K.S.A. 60-258a all parties and issues arising from one incident must be resolved in one action. *Teepak, Inc. v. Learned,* 237 Kan. 320, 699 P.2d 35 (1985); *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 634 P.2d 1127 (1981); *Eurich v. Alkire,* 224 Kan. 236, 237, 579 P.2d 1207 (1978); *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 (1978). The majority does not take issue with that principle, but holds dismissal of an action with prejudice, after settlement, is not an adjudication of comparative fault on the merits, thus permitting the maintenance of additional actions arising out of the same incident against other parties. I believe it better law for dismissal with prejudice to be considered a determination of the case on its merits. See *Mars v. McDougal,* 40 F.2d 247 (10th Cir.), *cert. denied* 282 U.S. 850 (1930); *Pulley v. Chicago, R. I. & P. Rly. Co.,* 122 Kan. 269, 251 Pac. 1100 (1927); James & Hazard, Civil Procedure § 6.6 (3d ed. 1985).

Ninety percent of all civil cased filed in Kansas are resolved by settlement. In most instances they are dismissed with prejudice. By holding a dismissal with prejudice is not an adjudication on the merits, we leave the action open for further proceedings against other parties. This will have a chilling effect on some settlements. It will also create an unwarranted burden on the

court system as the same cause of action may be repeatedly filed against different defendants with no final resolution of the action being made.

I would affirm the trial court.

MILLER and MCFARLAND, JJ., join the foregoing dissent.