No. 60,454

RACHELLE CHILDS, a minor by and through BEULAH M. HARVEY, her mother and next friend, *Appellant,* v. KRISTINE WILLIAMS (MURFF), *Appellee.*

(757 P.2d 302)

Opinion filed July 8, 1988.

*Michael R. McIntosh,* of Kansas City, argued the cause and was on the briefs for appellant.

*David M. Druten,* of McAnany, Van Cleave & Phillips, P.A., of Lenexa, argued the cause and *Douglas M. Greenwald,* of the same firm, was with him on the briefs for appellee.

The opinion of the court was delivered by

HERD, J.: This is a personal injury action. Rachelle Childs, a minor, appeals the dismissal of her suit against Kristine Williams (Murff).

Twelve-year-old Childs sustained personal injuries when a car in which she was a passenger collided with the car driven by Williams. A settlement was negotiated between Childs' mother and Michael Wesson, the driver of the car in which Childs was a passenger at the time of the accident.

Because a minor can disavow a contract within a reasonable time after reaching majority, it is necessary to reduce a minor's settlement to judgment with court approval to make it binding. See K.S.A. 38-102; *Railway Co. v. Lasca,* 79 Kan. 311, 318, 99 Pac. 616 (1909). Childs' mother therefore filed a negligence action against Wesson on Childs' behalf on August 20, 1985. Wesson immediately filed his answer and a friendly hearing was held approving the settlement and awarding judgment against Wesson under the terms of the agreement. Had Childs been an adult no suit would have been necessary to complete the settlement.

No determination of comparative fault was made. The journal entry stated, however, that "all parties announce they are ready for trial and all parties herein specifically waive trial by jury and consent to a trial of this cause by the Court." Childs made no attempt to preserve a right of action against Williams in the agreement.

On August 28, Childs' mother filed a negligence action against Williams, which action was dismissed by the district court in reliance on our holding in *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 371, 634 P.2d 1127 (1981), that "all parties to the occurrence shall have their rights and liabilities determined in one action." The Court of Appeals affirmed the district court decision in an unpublished opinion filed January 29, 1988.

Williams argues there was nothing to prevent Childs from bringing suit against both parties in one action, as approved by *Albertson,* and then settling with Wesson. Williams would then properly remain a defendant in the action. Williams' argument is correct. The question here, however, is what rights a plaintiff retains where all tortfeasors are not joined in a friendly suit approving a settlement but making no determination of fault.

Thus, the issue is whether Childs' second suit is permitted by our recent decision in *Mathis v. TG&Y,* 242 Kan. 789, 751 P.2d 136 (1988). In *Mathis,* the plaintiff initiated successive tort suits arising out of the same occurrence, naming different defendants in each action. The plaintiff then settled with the defendants in the second suit and they were dismissed with prejudice. The trial court thereafter dismissed TG&Y, the remaining defendant in the first suit, on the ground the plaintiff had impermissibly split his cause of action in violation of the rules of comparative negligence laid out in *Albertson.* A divided court overturned the dismissal, holding *Albertson* did not apply because, in that case, the comparative negligence of the original defendant had actually been determined at trial. The dismissal with prejudice in *Mathis,* we held, did not qualify as a "judicial determination of comparative fault" precluding the plaintiff's right to bring a second suit against different defendants on the same cause of action. 242 Kan. at 794.

Williams attempts to distinguish *Mathis* from the case at bar on

several grounds. She notes *Mathis* was concerned only with the dismissal of a case, whereas in the instant case the case was resolved by a judgment, albeit only for the purpose of approving the settlement. She argues the court played a substantive role in evaluating the settlement on behalf of the minor Childs, in contrast to the dismissal in *Mathis*, which was routinely entered at the request of the parties. Williams notes Childs would have executed on the judgment had Wesson not given satisfaction, whereas Mathis, with his settlement pursuant to an order of dismissal, could have only brought an action for breach of the settlement agreement. Williams also attempts to distinguish *Mathis* on the grounds the action against defendant TG&Y was already pending when the other suit was dismissed, whereas in the instant case, suit was not brought against her *until* the first action was concluded.

These arguments are not persuasive. We held in *Mathis* that each plaintiff must be allowed a trial judicially determining comparative fault, regardless of whether the plaintiff had the opportunity to do so earlier in one action. In *Anderson v. Scheffler*, 242 Kan. 857, 866, 752 P.2d 667 (1988), we acknowledged that, under *Mathis*, a plaintiff is not barred from bringing further suits against additional defendants concerning the same cause of action until it has actually received a *comparison of fault* at trial.

There is no rational way to distinguish the case at bar from *Mathis*. There was nothing in either case to prevent the plaintiffs from joining all defendants in one suit. In *Mathis*, we modified the strong language of *Albertson* to allow a plaintiff to sue another tortfeasor after settlement with another where there was no judicial determination of comparative fault. 242 Kan. at 792-93. There was no judicial determination of comparative fault in Childs' first action. We therefore hold the trial court erred in dismissing this action.

The judgment of the Court of Appeals affirming the trial court is reversed; the judgment of the trial court is reversed and the case is remanded for trial.