(825 P.2d 1185)

No. 66,686

CARL COOK, *Appellant/Cross-Appellee*, v. PERCY FREEMAN and LOUELLA DODDS, *Appellees/Cross-Appellants*.

Opinion filed February 14, 1992.

*James M. Warden* and *Michael J. Kuckelman*, of Blackwell Sanders Matheny Weary & Lombardi, of Overland Park, *James Borthwick*, of the same

firm, of Kansas City, Missouri, and *Stanley L. Wiles*, of Kansas City, Missouri, for the appellant.

*Ben T. Schmitt, Paul Hasty, Jr.*, and *Timothy M. McGivern*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for the appellees.

Before BRAZIL, P.J., REES and LEWIS, JJ.

LEWIS, J.: This is a personal injury action arising out of an automobile accident. The trial court granted summary judgment in favor of the defendants. The plaintiff appeals. The defendants also cross-appeal certain rulings by the trial court. We reverse and remand.

The automobile accident which gave rise to the plaintiff's cause of action was the subject of a previous lawsuit. In the first action involving this automobile accident, the plaintiff was Walter Jones, who is not a party to this action. The defendants in the action filed by Jones were Carl Cook, the present plaintiff, and Percy Freeman and Louella Dodds, the present defendants. The suit filed by Jones was settled prior to any determination of damages or comparative fault. It was also settled prior to Cook having filed any cross-claim against Freeman or Dodds.

The trial court in this case held that the plaintiff was precluded from bringing the present action. The court decided that it should have been brought as a compulsory cross-claim in the original action filed by Jones. The plaintiff appeals that determination.

The defendants cross-appeal the trial court's rulings on service, return of service, and other procedural matters.

We shall deal first with the procedural issues raised by the cross-appeal before dealing with the issue raised by the plaintiff.

## SERVICE

The defendants contend that they were not served with process within the time required by the statute of limitations.

The automobile accident in question took place on June 13, 1987. The applicable statute of limitations is two years, K.S.A. 60-513. This action was filed on June 12, 1989, within the two-year period of limitations.

The issue presented is that of service of process. K.S.A. 1991 Supp. 60-203(a) provides that an action is deemed commenced on filing if service is obtained within 90 days thereafter. This 90-

day period may be extended by the court for an additional 30 days. In order to obtain such an extension, good cause must be shown, and the application *must be sought and granted before the expiration of the original 90-day period.*

"Based on the plain, unambiguous language of K.S.A. 60-203(a), and considering existing case law rules and the lack of any legislative intent to the contrary, we hold that an extension of time under K.S.A. 60-203(a) must be *sought and granted* before the expiration of the 90-day period." (Emphasis added.) *Read v. Miller*, 247 Kan. 557, 564, 802 P.2d 528 (1990).

In this case, the plaintiff was unable to obtain service of process on the defendants within 90 days from the date of filing. The plaintiff applied for and received an extension of 30 days, and service was had within that 30-day period. The defendants contend that the order granting an extension of time was not sought and granted prior to the expiration of the 90-day period.

The original 90-day period expired on September 10, 1989. That was a Sunday and, as a result, the plaintiff had one additional day to obtain his extension of time by September 11, 1989. See K.S.A. 1991 Supp. 60-206(a).

The order of the trial court granting the extension to the plaintiff is dated September 11, 1989, and reads as follows:

"Now on this 11th day of September, 1989, comes on for hearing in accordance with Section 60-203, plaintiff's application for an extension of an additional thirty (30) days upon which to obtain service on the above named defendants.

"Plaintiff shows to the Court that good cause exists in that the defendants cannot be found with reasonable diligence at any of the addresses supplied by plaintiff or the police report.

"IT IS SO ORDERED."

Although the order was apparently granted orally on September 11, 1989, it apparently was not journalized and filed of record until September 21, 1989. The defendants argue that, under these facts, the order was not effective until it was reduced to writing and filed of record on September 21, 1989. Since this date is well beyond 90 days from the filing of the petition, the defendants argue that the order was neither sought nor obtained within the necessary 90-day period.

We disagree. The order extending time clearly states that it was granted on September 11, 1989. We are aware of no re-

quirement that such an order must be obtained *in writing and filed of record within the 90-day time frame.* The fact that the order was not journalized and filed of record until September 21, 1989, is not conclusive. The record shows that, regardless of when the order was journalized and filed, it was sought and obtained on September 11, 1989, within the period of time permitted by law. We hold that, under the facts shown, the plaintiff sought and obtained a timely 30-day extension in which to obtain service on the defendants.

## RETURN OF SERVICE

Al Sanchez was appointed as special process server by the trial court in the instant matter. Although service of process was obtained, the defendants attack the validity of the return of service. The return of service was not timely filed. In fact, it was apparently not filed at all. The trial court dismissed the action for lack of service.

The action was reinstated by the trial court based on an affidavit filed by Sanchez. This affidavit was filed long after the time for returns required by statute. In the affidavit, Sanchez stated that he served the defendants sometime "[d]uring the week of September 25, 1989." The service was accomplished, according to the affidavit, by serving one defendant personally and by leaving service for the other defendant with the one personally served. The affidavit goes on to set forth the belief of the affiant that he had made out his return in a timely manner and filed it with the court. Despite the belief of the affiant, the record does not contain the original return, and, if it was filed, we can only speculate as to its current whereabouts.

The defendants complain that Sanchez' affidavit does not specify the exact date and time on which service was completed. We agree that the affidavit is vague in this regard, but we hold that such vagueness does not support the defendants' argument under the facts shown. The plaintiff was given an additional 30 days to complete service on September 11, 1989. Service at some time "during the week of September 25" is well within the 30-day period of extension. For that reason, the failure to specify the exact date and time of service is not prejudicial and does not render such service void or voidable.

K.S.A. 1991 Supp. 60-312(d) states that service must be returned "promptly and in any event within 10 days after the service is effected." It goes on to specify that, if process cannot be served, "it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same."

In this case, the special process server was appointed September 21, 1989, and received process for service at that time. The affidavit showing return of service was not filed until March 15, 1990, long after the 10-day period required for the return by statute.

The return in this case was not timely filed. Despite that fact, the defendants were timely served, filed a timely answer, and do not appear to have suffered any prejudice. Under the circumstances, this court must decide what effect, if any, the untimely return has on the service of process.

The defendants argue that failure to make a timely return of service renders an otherwise valid service void or voidable at the option of the defendants. We disagree.

The defendants cite, as support of their position, a Connecticut Court of Appeals decision, *Bergin v. Bergin*, 3 Conn. App. 566, 490 A.2d 543, *rev. denied* 196 Conn. 806 (1985). In that case, the Connecticut court held that, where a return is not timely filed, the service is voidable at the option of the defendant. We acknowledge that the law in Connecticut would favor the position advocated by the defendants. However, we decline to adopt such a rule as the law of Kansas.

Federal case law holds that service of process on the defendant creates jurisdiction and that a defect in the return of service does not destroy that jurisdiction. See, *e.g., United States v. Ekblad*, 732 F.2d 562 (7th Cir. 1984). This holding is in line with Fed. R. Civ. Proc. 4(g), which provides: "Failure to make proof of service does not affect the validity of the service." There are cases of sister states in accord in those jurisdictions, which follow the federal rules of civil procedure. See *Hirsch v. National Van Lines, Inc.*, 136 Ariz. 304, 666 P.2d 49 (1983); *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 497 N.E.2d 1156 (1986); *Estate of Palucci*, 61 Wash. App. 412, 810 P.2d 970 (1991). The Louisiana Court of Appeals reached the same conclusion in applying a statute

similar to K.S.A. 1991 Supp. 60-312(d) in *Hood Motor Company, Inc. v. Lawrence,* 334 So. 2d 460 (La. App. 1976).

It is apparent that the federal decisions are dictated by Fed. R. Civ. Proc. 4(g), and we have no similar language in our statutes. Despite that fact, we find nothing in our statutes to require that we reach a result contrary to that followed in the federal system. We believe that the fact of service establishes jurisdiction and that a technical defect in the return of service, which does not impair the substantial rights of a defendant, should not defeat that service. To hold otherwise would be to place form above substance, and we decline to do so.

Our Supreme Court has indicated that it would agree with our conclusion. In *State v. Jones,* 226 Kan. 503, 507, 601 P.2d 1135 (1979), counsel personally served a subpoena on a witness but failed to file an affidavit of service as required by K.S.A. 60-245(c). The court held that service to be valid, noting, "K.S.A. 60-313 allows any process, return or proof of service to be amended at *any time* unless such amendment would materially prejudice the substantial rights of the party against whom process was issued." 226 Kan. at 507. The court stated its rationale as follows:

"Where process has been properly served, a technical defect in the paperwork that can be readily corrected to speak the truth, and which does not materially prejudice the substantial rights of the party against whom the process was issued, should not be allowed to interfere with substantial justice." 226 Kan. at 507-08.

We view the instant matter in the same light as that shown above. The time is long past when hypertechnical errors in paperwork will be allowed to interfere with substantial justice. In the present matter, the defendants were served in a timely manner and were not prejudiced or misled in any way by any errors occurring in the return of service. A return of service can be amended at any time, and the trial court did not err in permitting the return in this case to be filed out of time. We hold that, under the facts shown, the technical defect in the return of service, which did not impair the substantial rights of the defendants, should not and does not impair the service of process. We are convinced that our decision promotes essential justice in the ab-

sence of the impairment of any substantial rights of the defendants.

We also note the possibility that the original return was lost or misplaced by the clerk's office. The Supreme Court has very recently held that such an error by the clerk should not deprive a litigant of an adjudication on the merits. *Slayden v. Sixta,* 250 Kan. 23, 825 P.2d 119 (1992).

## REINSTATEMENT

As pointed out earlier, at one point the trial court dismissed the plaintiff's action because no service of process was shown of record. However, the court later reversed itself and reinstated the plaintiff's action. The last action of the court was done *ex parte* without notice to the defendants. The defendants argue that it was error to reinstate the action without notice to them.

We consider the defendants' argument to be without merit. Even if we assume that the trial court erred in its failure to give notice to the defendants, the error is not reversible. At very best, that error, under the facts shown, is harmless. After reinstating the plaintiff's action, the trial court permitted the defendants to contest and argue the issue of jurisdiction in a motion to set aside the order of reinstatement. At the hearing on this motion, the defendants raised all of the issues raised and considered on this appeal. The trial court carefully considered all issues and denied the defendants' motion. In view of this fact, no possible prejudice could have been caused to the defendants by the failure to give them notice of the hearing to reinstate. If there was error, it was harmless only and certainly does not rise to the level of reversible error.

## COMPULSORY CROSS-CLAIM

As we noted earlier, the plaintiff and these defendants were all codefendants in the action filed by Walter Jones. That action arose out of the same automobile accident which forms the basis of the plaintiff's current cause of action. The trial court in this case held that the plaintiff was required to file his claim against the defendants as a compulsory cross-claim in the action filed by Jones. As a result, it held that this action was barred and granted summary judgment in favor of the defendants.

Under K.S.A. 1991 Supp. 60-213(g), a claim against a co-party is compulsory in a comparative fault action governed by K.S.A. 1991 Supp. 60-258a. The original action filed by Jones was a comparative fault action controlled by 60-258a. This plaintiff and these defendants were all co-parties in the action filed by Jones. Obviously any claim the plaintiff had against these defendants arising out of the accident of June 13, 1987, was a compulsory cross-claim under the provisions of 60-213(g). The action brought by Jones was settled without a judicial determination of liability or comparative fault and was settled before the present plaintiff could file a cross-claim against the current defendants.

This court must decide whether, under the facts shown, the failure of the plaintiff to file a compulsory cross-claim against the defendants in the earlier action is fatal to his cause of action. Based on the "one trial" rule, enunciated by our Supreme Court in actions similar to the one now before us, we hold that, under the facts shown, the failure to file a cross-claim does not bar the plaintiff from prosecuting the present action.

*Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, 634 P.2d 1127 (1981), held that, in actions filed involving K.S.A. 60-258a, a plaintiff was required to name all defendants whose negligence contributed to his or her injuries in any action filed to recover damages for those injuries. That decision has been very narrowly applied by our Supreme Court, which has consistently retreated from the rule stated in *Albertson*. In *Mathis v. TG&Y*, 242 Kan. 789, 751 P.2d 136 (1988), the Supreme Court concluded that a plaintiff is not barred from bringing a second action against a defendant, not joined in the first action, where the plaintiff had settled the prior case before a judicial determination of comparative fault was made. The *Mathis* decision basically changed the "one action" rule to the "one trial" rule. The court reasoned as follows:

"After an adjudication of comparative fault, no party should be afforded a second opportunity to litigate percentages of causal negligence. K.S.A. 60-258a certainly contemplates one action in which comparative fault is determined. However, it was never the intent of the legislature or this court to place form over substance and preclude a plaintiff from proceeding against a tortfeasor when there has been no judicial determination of comparative fault." 242 Kan. at 794.

*Mathis* and its progeny have clearly established a "one trial" rule, which applies to actions filed by a plaintiff under 60-258a. These decisions hold that, so long as there has been no judicial determination of comparative fault, a plaintiff may bring separate actions against different defendants seeking to recover damages arising out of the same occurrence. Thus, a plaintiff is not limited to "one action." He may have several actions so long as he avoids a trial and a judicial determination of comparative fault. Once a plaintiff proceeds to trial and comparative fault is judicially determined, he may not thereafter pursue other actions for damages arising out of the same occurrence. He may be entitled to more than one action, but our Supreme Court has determined that he is entitled to only "one trial." This rule has been followed and refined by our Supreme Court in several decisions reached after *Mathis*. See *Mick v. Mani*, 244 Kan. 81, 766 P.2d 147 (1988); *Childs v. Williams*, 243 Kan. 441, 757 P.2d 302 (1988); *Anderson v. Scheffler*, 242 Kan. 857, 752 P.2d 667 (1988).

The most recent decision is virtually identical to the factual situation presently before this court. In *Patterson v. Brouhard*, 246 Kan. 700, 792 P.2d 983 (1990), the facts shown were that Patterson and Brouhard had both been named as codefendants in a previous action involving an automobile accident. Patterson and Brouhard had settled with the plaintiff in the previous action before either had filed a cross-claim against the other. Patterson then sued Brouhard for injuries arising from the same accident. The trial court granted a motion for summary judgment in favor of the defendant on the grounds that the plaintiff's claim against the defendant should have been brought as a compulsory cross-claim in the prior action. The prior action had been settled prior to trial and prior to any determination of comparative negligence. The Supreme Court reversed the action by the trial court.

There are some differences between *Patterson* and the case now before this court. The defendants assert that *Patterson* is not authority for the position taken by the plaintiff in the present litigation. In *Patterson*, the trial court, in dismissing the original action, stated in its journal entry that " 'no settlement or compromise exists as to any claims the defendants may have against each other or any third party.' " 246 Kan. at 701. The defendants

argue that the *Patterson* decision should be limited to its facts and should only be applied in actions where the journal entry dismissing the original action preserves the claims the defendants have against each other as it did in *Patterson*.

We are not inclined to interpret *Patterson* in the narrow manner argued by the defendants. It is true that the Supreme Court in *Patterson* refers to the language of the journal entry dismissing the original action. However, the Supreme Court in *Patterson* states, on page 706:

"The legislature, by adopting K.S.A. 60-258a, imposed individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even where one or more parties cannot be joined formally as a litigant or held legally responsible for his or her proportionate fault. It was also the intent of the legislature to fully and finally litigate in a single action all causes of actions and claims for damages arising out of any act of negligence. It is the public policy of this state that all parties are entitled to a just, speedy, and inexpensive determination of every action or proceeding. *Neither the legislature nor this court ever intended to place form over substance and preclude an injured party from proceeding against a tortfeasor when there had been no judicial determination of comparative fault. Mathis v. TG&Y,* 242 Kan. 789, 751 P.2d 136 (1988)." (Emphasis added.)

We construe the language emphasized above as an intent to treat compulsory cross-claims in the same manner in which the plaintiff's causes of action are treated. In other words, *Patterson* indicates to us that the Supreme Court intended to apply the "one trial" rule to compulsory cross-claims. It would certainly be placing form over substance to say that a plaintiff could proceed in the manner in which this plaintiff seeks to proceed, but that he is barred from doing so because he was a defendant and subject to a compulsory cross-claim rule. It would be illogical and unjust to apply one rule to multiple actions filed by a plaintiff and another, more restrictive, rule to actions by a former defendant in a previous action who was subject to our compulsory cross-claim statute. This is the position the defendants seek to have us adopt. We decline to do so, and hold that the "one trial" rule applied to plaintiffs in this jurisdiction applies with equal effect to defendants who are subject to the compulsory cross-claim statute. We conclude that, so long as there has been no judicial determination of comparative fault in the previous action, a plain-

tiff will not be barred from bringing an action against a former codefendant in a previous action involving the same transaction because of his failure to file a compulsory cross-claim prior to the settlement of the previous action. It follows, therefore, that the trial court erred in granting the defendants' motion for summary judgment, and we reverse that action and remand for a trial on the merits.

## WAS THE ISSUE RAISED BELOW?

The defendants assert that the plaintiff did not raise before the trial court the issue of whether the "one trial" rule from *Mathis* and cases of its ilk should be applied to actions subject to K.S.A. 1991 Supp. 60-213(g). As a result, the defendants argue that the issue, not having been raised below, cannot be raised for the first time on appeal. We disagree.

The record does not contain a transcript of the hearing on the defendants' motion for summary judgment. The plaintiff's motion in opposition to the defendants' motion for summary judgment does not address the issue of whether K.S.A. 1991 Supp. 60-213(g) and K.S.A. 1991 Supp. 60-258a bar the plaintiff's claims against the defendants.

Assuming that this issue was not properly raised by the plaintiff at the trial court level, an argument could be made that it cannot be asserted for the first time on appeal. However, an exception to the general rule provides that, if a newly asserted issue involves only a legal question arising on proved or admitted facts which will be finally determinative of the case, or if consideration is necessary to serve the ends of justice or prevent denial of fundamental rights, an appellate court may consider the issue even though not considered by the trial court. *Wortman v. Sun Oil Co.*, 236 Kan. 266, Syl. ¶ 2, 690 P.2d 385 (1984); *State v. Anderson*, 12 Kan. App. 2d 342, Syl. ¶ 1, 744 P.2d 143 (1987).

We believe the instant matter fits the exception stated above. In the present case, the facts are not disputed; the only issue is to determine if the "one trial" rule of *Mathis* and similar decisions applies to a compulsory cross-claim under 60-213(g). This is a question of law involving the interpretation of the statute and its relationship to 60-258a. Therefore, even though the plaintiff may have failed to raise this issue to the trial court, it fits the exception

to the general rule, and we apply that exception and address the issue.

Reversed and remanded.