(840 P.2d 544)

No. 67,782

JAMES J. TERSINER, *Appellant,* v. MICHAEL GRETENCORD, an individual d/b/a PENN'S APCO, *Appellee.*

Opinion filed October 30, 1992.

*William E. Metcalf,* of Metcalf & Justus, of Topeka, for appellant.

*Floyd E. Gehrt,* of Gehrt & Roberts, Chartered, of Topeka, for appellee.

Before LARSON, P.J., LEWIS and PIERRON, JJ.

LARSON, J.: James J. Tersiner appeals the trial court's order granting summary judgment in his negligence action against Michael Gretencord, d/b/a Penn's Apco.

Tersiner filed suit against the Union Pacific Railroad Company and Gretencord, in the United States District Court for the District of Kansas, to recover damages for injuries sustained in a fall at Penn's Apco. Tersiner's claim against Union Pacific was made

under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* [1988]). His claim against Gretencord was based on general principles of negligence.

The federal court approved Gretencord's motion to dismiss Tersiner's complaint for lack of subject matter jurisdiction. However, Gretencord was retained in the federal action on Union Pacific's cross-claim for comparative implied indemnity.

Trial was held and the jury returned a verdict in favor of Tersiner for $123,809, apportioning 66% of the fault to Tersiner, 17% to Union Pacific, and 17% to Gretencord.

The federal court first ordered that Tersiner recover $42,095.06 from Union Pacific, and that Union Pacific recover $21,047.53 from third-party defendant Gretencord.

Gretencord's motion to amend was later sustained because Union Pacific, standing in the same position as Tersiner, could not recover for comparative implied indemnity, as Tersiner's negligence (66%) exceeded Gretencord's (17%). It was finally determined that Union Pacific would bear the entire $42,695.06 judgment, recovering nothing from Gretencord.

Tersiner then filed this suit in state court, alleging Gretencord's negligence in the same transaction. After the trial court sustained Gretencord's motion for dismissal, treating it as a summary judgment motion, Tersiner appealed. We affirm.

Summary judgment is appropriate in cases in which the record discloses no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. K.S.A. 1991 Supp. 60-256.

We first note that Gretencord is not contending Tersiner's claim is barred by res judicata or collateral estoppel, but by the provisions of the Kansas Comparative Negligence Act, K.S.A. 1991 Supp. 60-258a.

The landmark decision governing this statute is *Brown v. Keill,* 224 Kan. 195, 207, 580 P.2d 867 (1978), which states:

"[W]e conclude the intent and purpose of the legislature in adopting K.S.A. 60-258a was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault."

The concept of requiring fault to be determined in a single action, based in part on judicial economy, was reinforced in *Eurich v. Alkire*, 224 Kan. 236, 579 P.2d 1207 (1978). In *Eurich*, the historical background of comparative negligence was examined and our Supreme Court stated: "Because the statute contemplates that each party has a right to cross-claim against any or all other parties to a lawsuit, we hold that any party who fails to assert a claim against any other party in a comparative negligence action is forever barred." 224 Kan. at 238.

The "one-action rule" was set forth in 1981 in *Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, Syl. ¶ 3, 634 P.2d 1127 (1981), where it was held: "In a damage suit the doctrine of comparative fault requires all of the parties to the occurrence to have their fault determined in one action."

Exceptions to the "one-action rule" have subsequently been applied in *Mathis v. TG&Y*, 242 Kan. 789, 751 P.2d 136 (1988) (two lawsuits, but as a result of settlements only one defendant remained); *Anderson v. Scheffler*, 242 Kan. 857, 752 P.2d 667 (1988) (settlement agreement retaining right to bring suit against parties resulting in no comparison of fault at trial); and *Childs v. Williams*, 243 Kan. 441, 757 P.2d 302 (1988) (friendly suit required by law to approve a minor plaintiff's settlement was not a judicial determination of comparative fault). The exceptions are best summarized in *Mick v. Mani*, 244 Kan. 81, 766 P.2d 147 (1988), as follows:.

"Therefore, it appears that under the most recent comparative fault cases, namely *Mathis*, *Anderson*, and *Childs*, a plaintiff may pursue separate actions against tortfeasors where there has been no judicial determination of comparative fault. Thus, the exceptions to the one-action rule arise when there has been no prior judicial determination of fault. . . . By virtue of these recent cases, the one-action rule should, perhaps, more accurately be described as the one-trial rule. In each of the cases the issue on appeal was whether the plaintiff was entitled to a trial—not whether he or she could have two trials, as plaintiff herein seeks." *Mick*, 244 Kan. at 93.

Tersiner argues that an additional exception to the one-action rule (one-trial rule) is required because of the particular provisions of FELA.

*Gaulden v. Burlington Northern, Inc.*, 232 Kan. 205, 654 P.2d 383 (1982), is best known for establishing the right to "compared

implied indemnity in FELA cases." *Gaulden* also clearly establishes that, in a FELA case, the causal fault or negligence of all parties, including the contributory negligence of the plaintiff and the negligence of the carrier and any third parties, should be submitted to the jury and the percentage of fault of each determined in one lawsuit. 232 Kan. 205, Syl. ¶ 4.

Tersiner contends that Gretencord's negligence was not directly compared in the federal court action. Such is not the case. Gretencord was retained as a third-party defendant and the jury did compare the negligence of all parties, attributing 66% to Tersiner, 17% to Union Pacific and 17% to Gretencord. This is a determination of comparative fault in a judicial setting and trial.

Tersiner argues that because he was not a party to the cross-claim he was prevented from directly pursuing his claim against Gretencord. However, the jury had before it in the federal court action Tersiner's claim for damages upon which it heard evidence and determined the comparative fault of each party. The fact that Tersiner may not have been able to make a direct recovery from Gretencord because of the manner in which he elected to pursue his remedies does not mean the judicial determination of comparative fault of all parties was not made.

Tersiner also complains that he had a right to choose a federal forum for bringing his action against the railroad, and it was Gretencord, and not him, who sought and obtained a dismissal for lack of subject matter jurisdiction. This may be true, but at that point Tersiner had a strategic election to make. He could have dismissed his federal action and instituted a claim against both the railroad and Gretencord in state court. Tersiner did not do this, but elected to continue the federal court action against the railroad.

This was a voluntary election on Tersiner's behalf. "Plaintiff's counsel should have been alert to the risk he was taking as a part of his strategy." *Mick*, 244 Kan. at 94. In *Mick*, the strategy was to separate the defendants. Whatever the strategy here, it was Tersiner's option to elect the course of his action. Gretencord was retained as a third-party defendant and his fault was judicially determined. When that verdict became final, Tersiner's entire damage claim was terminated.

The factual basis of this appeal is not an exception to the well-stated rule in *Albertson*:

"The action is over. Volkswagen could have been sued in state court but plaintiff chose not to join the corporation for strategic reasons. Albertson is bound by that decision. Under the doctrine of comparative fault all parties to an occurrence must have their fault determined in one action, even though some parties cannot be formally joined or held legally responsible." 230 Kan. at 374.

Union Pacific could have been sued in state court, but Tersiner chose not to use that forum. He is bound by that decision. He has had his trial. The determination of fault has been reached. Damages have been determined and awarded. The action is over. No further rights exist which can be litigated in state court.

Affirmed.