No. 123,313

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CURTIS RODINA,
*Appellant*,

v.

ALBERTO R. CASTANEDA, D.D.S.,
*Appellee*.

SYLLABUS BY THE COURT

1.

A plaintiff may pursue separate actions against tortfeasors when there has been no trial and judicial determination of comparative fault. Once a plaintiff proceeds to trial and comparative fault is judicially determined, the plaintiff can no longer pursue other suits for damages arising out of the same occurrence.

2.

When the trial court entered default judgment in a separate action against other tortfeasors, it made no apportionment of fault or determination of comparative fault. Thus, in this case, plaintiff is entitled to a judicial determination of comparative fault, and, if it is determined defendant was at least partially at fault, the trial court can order defendant to pay his proportionate share of damages.

1

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed July 16, 2021. Reversed and remanded with directions.

*Kyle A. Branson*, of Mogenson & Branson, LLC, of Mission, for appellant.

*Kevin D. Weakley*, *Timothy A. Pullin*, and *Katy L. Houchin*, of Wallace Saunders, of Overland Park, for appellee.

Before GREEN, P.J., SCHROEDER, J., and WALKER, S.J.

GREEN, J.:  This case involves a dental malpractice action against Alberto R. Castaneda, D.D.S. The plaintiff, Curtis Rodina, had successfully obtained a default judgment in a separate dental malpractice action against Sonya Cummings and Timothy T. Taylor, DDS, PA, for injuries related to dental work performed at their office. But Rodina was unsuccessful in his attempts to collect or satisfy his default judgment against those defendants. After learning that Dr. Castaneda was the dentist who had injured him, Rodina filed this action against Dr. Castaneda.

Dr. Castaneda moved to dismiss Rodina's suit, arguing that his action was barred under the one-action rule. This rule states that all issues of liability and fault should be determined in one action, rather than in multiple lawsuits. The trial court agreed and dismissed Rodina's action based on that rule. On appeal, Rodina argues that the dismissal was improper because the trial court made no apportionment of fault in his previous dental malpractice action which resulted in a default judgment. As a result, Rodina maintains that his current malpractice action against Dr. Castaneda did not violate the one-action rule. We agree. We reverse and remand for further proceedings consistent with this opinion.

FACTS

On December 26, 2019, Rodina sued Timothy T. Taylor, DDS, PA, Sonya Cummings, and Timothy Taylor, DDS, alleging violations of the Kansas Consumer Protection Act (KCPA), K.S.A. 50-642 et seq., the Health Insurance Portability and Accountability Act (HIPAA), and that the defendants provided him with inappropriate dental care. Rodina later voluntarily dismissed Dr. Taylor from the suit after learning Dr. Taylor was retired and not practicing dentistry when he was injured. Rodina alleged he was unable to determine the identity of the dentists who performed the work on his teeth.

Cummings and Timothy T. Taylor, DDS, PA, did not file an answer or respond to Rodina's interrogatories or requests for production. The trial court ruled that the defendants violated the KCPA and HIPAA as alleged by Rodina, entered default judgment against them, and awarded Rodina $85,000 in economic damages; $200,000 in noneconomic damages; $5,000 for violating the KCPA; and $7,005.67 in attorney fees. The trial court did not make any determinations of comparative fault.

On May 15, 2020, Rodina filed a second suit against Dr. Castaneda, alleging Dr. Castaneda had performed the dental work on him at Timothy T. Taylor, DDS, PA. Dr. Castaneda moved to dismiss Rodina's action, asserting Rodina's suit was barred by the one-action rule and issue preclusion.

The trial court held a hearing on Dr. Castaneda's motion. The trial court ruled that the one-action rule barred Rodina from suing Dr. Castaneda and granted Dr. Castaneda's motion to dismiss.

Rodina timely appeals.

ANALYSIS

Rodina maintains that the one-action rule is more properly understood as the "one-trial" rule. Because the default judgment in the previous lawsuit did not determine comparative fault, Rodina argues that the one-action rule allows him to file this suit against Dr. Castaneda. Dr. Castaneda responds that allowing this suit would allow Rodina to seek a double recovery. Dr. Castaneda argues an unjoined defendant escapes liability under the one-action rule.

A trial court's granting of a motion to dismiss is reviewed de novo because it is a legal question. *Williams v. C-U-Out Bail Bonds*, 310 Kan. 775, 784, 450 P.3d 330 (2019).

Dr. Castaneda moved to dismiss, alleging that Rodina had failed to state a claim upon which relief can be granted. See K.S.A. 2020 Supp. 60-212(b)(6). When considering a motion to dismiss under K.S.A. 2020 Supp. 60-212(b)(6), a trial court must decide the issue based on only the well-pleaded facts and inferences reasonably drawn from them. Every factual dispute is resolved in the plaintiff's favor. Dismissal is proper only when the petition's allegations clearly demonstrate the plaintiff does not have a claim. An appellate court reviewing a trial court's motion to dismiss also assumes all well-pleaded facts and any inferences reasonably drawn from them are true, and, if those facts and inferences state a claim upon which relief can be granted, dismissal is improper. *Williams*, 310 Kan. at 784.

Rodina argues that the trial court considered matters outside of the pleadings, turning the motion to dismiss into a motion for summary judgment without giving the parties the opportunity to present evidence. The matters outside the pleadings considered was Rodina's first lawsuit, specifically the default judgment journal entry.

4

If the trial court considers matters outside the pleadings, a motion to dismiss is treated as a motion for summary judgment and the parties must be given reasonable opportunity to present all pertinent material. K.S.A. 2020 Supp. 60-212(d). "But when matters outside the face of the pleadings are proper objects for judicial notice, a motion to dismiss need not be treated as a summary judgment motion." *Mashaney v. Board of Indigents' Defense Services*, 49 Kan. App. 2d 596, 610, 313 P.3d 64 (2013), *aff'd in part and rev'd in part* 302 Kan. 625, 355 P.3d 667 (2015). A trial court may take judicial notice of specific facts "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." K.S.A. 60-409(b). The default judgment journal entry in Rodina's first lawsuit falls within this category. The journal entry is a court order whose veracity is easy to confirm. There is no dispute the journal entry was accurate. The trial court's consideration of the default judgment journal entry was appropriate. So we conclude that the motion to dismiss remained a motion to dismiss.

The core dispute in this case revolves around K.S.A. 2020 Supp. 60-258a and the one-action rule. K.S.A. 2020 Supp. 60-258a is Kansas' comparative fault statute. Under the statute, any party whose causal negligence is claimed to have contributed to the alleged injury must be joined as an additional party. K.S.A. 2020 Supp. 60-258a(c). This subsection has developed into the one-action rule, which states all issues of liability and fault should be determined in one action, rather than in multiple lawsuits. See *Eurich v. Alkire*, 224 Kan. 236, 237-38, 579 P.2d 1207 (1978).

Our courts' discussions on the one-action rule find their origins in *Kennedy v. City of Sawyer*, 228 Kan. 439, 460-61, 618 P.2d 788 (1980). There, our Supreme Court held that, where the amount of damages was determined by settlement, not judicial proceedings, it is the defendants' duty to bring an action against all tortfeasors from whom comparative liability through indemnity is sought. 228 Kan. at 460-61. In settling,

the amount is the maximum amount that can be apportioned; the plaintiff cannot pursue another action against other tortfeasors to recover again. See 228 Kan. at 461.

A year later, in *Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, 369, 634 P.2d 1127 (1981), our Supreme Court answered a certified question from United States District Judge Frank G. Theis asking if a plaintiff, once having obtained satisfaction in a comparative negligence case for a portion of his injuries, can bring another action against a defendant not part of the first action to recover for the remaining portion of his injuries? The *Albertson* court noted all parties in a negligence action "shall have their rights and liabilities determined in one action." 230 Kan. at 371. The plaintiff was found responsible for 40% of his own injuries with 60% caused by others. Our Supreme Court held the action was over; the plaintiff could have sued Volkswagenwerk in state court but chose not to for strategic reasons. Our Supreme Court explained: "Under the doctrine of comparative fault all parties to an occurrence must have their fault determined in one action, even though some parties cannot be formally joined or held legally responsible. Those not joined as parties or for determination of fault escape liability." 230 Kan. at 374.

Our Supreme Court later narrowed *Kennedy*'s reach, holding the broad language used went far beyond the facts of the *Kennedy* case and disapproved of the opinion "to the extent that it suggests a defendant can enlarge the liability of other defendants." *Ellis v. Union Pacific R.R. Co.*, 231 Kan. 182, 191, 643 P.2d 158, *aff'd on reh'g* 232 Kan. 194, 653 P.2d 816 (1982). A defendant in a comparative negligence action cannot settle a claim on behalf of a party against whom the plaintiff could not recover and then seek contribution from that party in proportion to that party's responsibility. If a plaintiff chooses to forgo recovery from other tortfeasors, a settling defendant has no claim to settle but his or her own. 231 Kan. at 192.

In *Mathis v. TG & Y*, 242 Kan. 789, 751 P.2d 136 (1988), our Supreme Court began to step away from the narrow boundaries it created in the one-action rule. In *Mathis*, Mathis filed a personal injury suit against TG & Y. Before the action's adjudication, Mathis filed a second suit, arising out of the same set of facts, against other defendants. Mathis settled the second suit, and the trial court dismissed it with prejudice. TG & Y moved to dismiss the first suit, claiming the second suit's dismissal precluded Mathis from proceeding in the first suit. The trial court dismissed the first suit based on *Albertson*. *Mathis*, 242 Kan. 789. Our Supreme Court noted the one-action rule requires all parties to an injury have their fault determined in one action, and any party not joined in that action cannot be sued in a second suit. 242 Kan. at 792.

The *Mathis* court explained *Albertson* involved a second suit brought against a known defendant who could have been joined in the original action, but *Albertson* did not apply to the facts in *Mathis*. 242 Kan. at 792. Because Mathis' second suit was never adjudicated, there was no determination of fault. The defendants in the second suit were no longer liable because Mathis settled with or dismissed them with prejudice. "However, their percentage of fault could have been determined in the original suit whether or not they were parties to that action." 242 Kan. at 793. Analyzing K.S.A. 60-258a, our Supreme Court explained the Legislature's intent was to "fully and finally litigate in a single action all causes of actions and claims for damages arising out of any negligence." 242 Kan. at 794. Our Supreme Court held no party should be afforded a second opportunity to litigate causal negligence after an adjudication of comparative fault. But the court also held it was never the Legislature's intent "to place form over substance" and preclude a plaintiff from suing a tortfeasor when there had been no judicial determination of comparative fault. 242 Kan. at 794.

Our Supreme Court expounded on this in *Anderson v. Scheffler*, 242 Kan. 857, 858-59, 752 P.2d 667 (1988), where the plaintiff filed a second suit in Kansas state court against two defendants after the federal district court in Missouri would not allow

7

plaintiff to add the defendants to his federal suit because their presence would destroy diversity. The plaintiff settled with the defendants in federal court but did not release the parties in the state action. Our Supreme Court noted that the plaintiff did everything possible to preserve his suit against the state defendants, but the federal court denied all of his motions. 242 Kan. at 865. Like *Mathis*, our Supreme Court held that the state suit could continue because "[t]here has not yet been a comparison of fault at trial." *Anderson*, 252 Kan. at 866.

In *Childs v. Williams*, 243 Kan. 441, 442, 757 P.2d 302 (1988), a second action was filed after a friendly suit approved a settlement without making any determination of fault. Defendant attempted to distinguish the case from *Mathis* by noting that *Mathis* involved the dismissal of a case, whereas the present case was resolved by a judgment, albeit one whose sole purpose was to approve a settlement, and the fact the first suit in *Mathis* was already pending when the other suit was dismissed. *Childs*, 243 Kan. at 442-43. Our Supreme Court held that the argument was unpersuasive, explaining *Mathis* held "each plaintiff must be allowed a trial judicially determining comparative fault, regardless of whether the plaintiff had the opportunity to do so earlier in one action." *Childs*, 243 Kan. at 443. Our Supreme Court noted that it modified the one-action rule in *Mathis* to allow a plaintiff to sue another tortfeasor after a settlement with another when no judicial determination of comparative fault existed. *Childs*, 243 Kan. at 443.

In *Mick v. Mani*, 244 Kan. 81, 93, 766 P.2d 147 (1988), our Supreme Court held that its recent cases in *Mathis*, *Anderson*, and *Childs* created an exception to the one-action rule when there had been no previous judicial determination of fault. The court noted the one-action rule could be more accurately described as the "one-trial rule" because the issue in those cases was whether a plaintiff was entitled to a trial—not whether the plaintiff could have two trials. *Mick*, 244 Kan. at 93.

8

Since *Mick*, there has been little development in the realm of the one-action rule. The cases discussed above established that the one-action rule does not limit the plaintiff to a single suit. The key question is not if a plaintiff has already pursued a lawsuit, but if plaintiff has had the opportunity to have a judicial determination of comparative fault at trial. See *Cook v. Freeman*, 16 Kan. App. 2d 555, 563, 825 P.2d 1185 (1992) ("These decisions hold that, so long as there has been no judicial determination of comparative fault, a plaintiff may bring separate actions against different defendants seeking to recover damages arising out of the same occurrence. Thus, a plaintiff is not limited to 'one action.'"). A plaintiff may pursue separate actions against tortfeasors when there has been no judicial determination of comparative fault. Once a plaintiff proceeds to trial and comparative fault is judicially determined, the plaintiff can no longer pursue other suits for damages arising out of the same occurrence. 16 Kan. App. 2d at 563.

The case before us is Rodina's second action. In 2019, Rodina filed his first suit against Dr. Taylor, Cummings, and Timothy T. Taylor, DDS, PA. Dr. Taylor was later dismissed from that action, but Cummings and Timothy T. Taylor, DDS, PA remained as defendants although they did not file an answer or otherwise plead to Rodina's petition. The trial court ruled that the defendants were in default on Rodina's allegations that the defendants had violated the KCPA and HIPAA. The trial court entered default judgment against the defendants and awarded Rodina damages and attorney fees.

While the trial court entered judgment against Cummings and Timothy T. Taylor, DDS, PA, it expressly did not make any rulings on comparative fault: "Because Judgment is entered by default, no apportionment of fault or comparative negligence assessment is made or needs to be made."

Rodina filed this suit after learning Dr. Castaneda was the dentist who had performed the work on his teeth. Dr. Castaneda argues that Rodina received his judgment and cannot try to collect again by filing a second suit against him. But Dr. Castaneda

9

ignores the development in the one-action rule in *Mathis*, *Anderson*, and *Childs*. A plaintiff is entitled to a trial and a judicial determination of comparative fault. See *Childs*, 243 Kan. at 443. When the trial court entered default judgment against Cummings and Timothy T. Taylor, DDS, PA, it made no apportionment of fault or determination of comparative fault. Dr. Castaneda is correct that Rodina cannot recover additional damages from him. The trial court in the original suit awarded damages for the entire action. Rodina, however, is entitled to a judicial determination of comparative fault, and, if it is determined that Dr. Castaneda was at least partially at fault, the trial court can order Dr. Castaneda to pay his proportionate share of the damages.

The fact that Rodina's first action was decided by default judgment does not alter this reasoning. Nothing in the language of the cases explaining the one-action rule limits the requirement that a plaintiff is entitled to one adjudication of comparative fault to only settlements. See *Mathis*, 242 Kan. at 793-94; *Anderson*, 242 Kan. at 857; *Childs*, 243 Kan. at 443. Instead, our Supreme Court has consistently held that the issue was whether the plaintiff had a trial to judicially determine comparative fault—not how the first lawsuit in a case was resolved.

The trial court here erred in granting Dr. Castaneda's motion to dismiss. Rodina is entitled to a trial and judicial determination of comparative fault. Thus, we reverse the trial court's grant of Dr. Castaneda's motion to dismiss and remand for further proceedings consistent with this opinion.

Reversed and remanded with directions.

10