**JOSEPH MANUFACTURING COMPANY, INC., a corporation; Richard Hornung, individually; and Safeco Insurance Company of America, Plaintiffs,**

v.

**OLYMPIC FIRE CORPORATION, Defendant.**

Civ. A. No. 89–2183–L.

United States District Court,
D. Kansas.

Dec. 27, 1991.

---

Gena B. Hofer, Richard T. Merker, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for plaintiffs.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction.

On April 20, 1989, plaintiffs filed a complaint in this Court against defendant claiming damages for negligence, breach of implied warranty, and breach of contract. Plaintiffs seek to recover for certain property damage and personal injuries. The case appears before this Court on three different motions filed by defendant. These motions are: (1) Motion of Defendant for Summary Judgment, dated April 16, 1990 (Doc. 63); (2) Motion of Defendant to Amend Pretrial Order, dated September 6, 1990 (Doc. 76); and (3) Motion of Defendant for Summary Judgment and Dismissal, dated September 6, 1990 (Doc. 74). Plaintiffs have responded and oppose all three motions filed by defendant. For the reasons set forth below, defendant's motions are granted in part and denied in part.

Plaintiffs' claims in this case arise out of a fire that occurred on April 27, 1987, at the facilities of plaintiff Joseph Manufacturing Company, Inc. ("JMC"). Plaintiffs' damages are alleged to have resulted from the failure of two fire extinguishers to function. Plaintiffs claim that in February and March, 1987, personnel employed by defendant Olympic Fire Corporation ("OFC") inspected the two fire extinguishers, tested them, and/or serviced them. Plaintiffs claim that the fire extinguishers failed to function because OFC's personnel performed their duties in a negligent manner. Plaintiffs also claim that OFC's personnel breached an implied warranty to perform these services in a workmanlike manner. Plaintiffs further claim that OFC breached a written contract to service the fire extinguishers and maintain them in operable condition. Defendant's motions are directed at all of these claims.

### II. The April, 1990 Motion.

In the motion for summary judgment filed by defendant on April 16, 1990, OFC argues that it is entitled to summary judgment on the grounds that OFC made no express or implied guarantees that the fire extinguishers would work, that plaintiffs are prohibited from recovery by provisions of the Kansas Products Liability Act, and that plaintiffs had failed to meet their burden of proof as to causation. In its brief in support of its motion for summary judgment, OFC sets forth a statement of mate-

rial facts which it offers as uncontroverted. Plaintiffs, for the purposes of resisting OFC's motion for summary judgment, set forth a statement of facts which purport to controvert OFC's version.

Under Fed.R.Civ.P. 56(c) a motion for summary judgment may be granted if it is shown there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only where there is no doubt from the evidence, with all inferences drawn in favor of the nonmoving party, that no genuine issue of material fact remains for trial and that the moving party is entitled to judgment as a matter of law. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984).

From a review of the submissions on file, this Court concludes that plaintiffs have sufficiently supported their controversion of OFC's assertion of material facts and that there are genuine issues of material fact in the case. Additionally, both OFC and plaintiffs agreed during oral argument on this motion that provisions of the Kansas Products Liability Act were inapplicable in this case. Because there are material issues of fact for the jury to determine, both *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), mandate that OFC's original motion for summary judgment be denied.

### III. The September, 1990 Motions.

In September of 1990, the defendant filed its second motion for summary judgment. Because the time for filing dispositive motions had already run, defendant also filed its motion to amend. These motions were filed on the day that the judgment in a state court case arising out of this same occurrence became final.

On April 27, 1989, seven days after the federal case was filed, JMC's landlord filed an action in Kansas state court. JMC and OFC were defendants in the state court action. The landlord's claims included negligence claims against JMC and OFC and a breach of contract claim against OFC. JMC filed an answer in the state court action on May 24, 1989. JMC's answer did not include a cross-claim against OFC.

On April 4, 1990 a pretrial order was entered in the federal case. The pretrial order set a deadline of April 16, 1990 for the filing of any dispositive motions. No mention was made in the pretrial order of the possible preclusive effect of the state court litigation and no dispositive motion was made on that basis.

The state court trial commenced on July 30, 1990. The state court directed a verdict in favor of JMC against the landlord on the grounds that a provision in the lease provided that the tenant would not be responsible for any damages caused to the premises by fire. The state court directed that JMC remain a party in the case pursuant to K.S.A. 60–258a(c) for the purpose of allowing the jury to compare fault. The jury found that 55% of causal fault of the landlord's fire damage was attributable to OFC and 45% was attributable to JMC. Judgment was entered against OFC for $6,645.60.

In analyzing the various issues raised by the defendant's motions, this Court must keep in mind the directive of the Full Faith and Credit Statute 28 U.S.C. § 1738. It is well settled law that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 80, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). In analyzing the Full Faith and Credit Statute, the Supreme Court has stated that:

> Though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so. *Allen v. McCurry*, 449

U.S. 90, 101 S.Ct. 411 [66 L.Ed.2d 308] (1980).

Therefore, this Court must analyze the preclusive effect of the Kansas state court judgment as would a Kansas state court.

■ The threshold question that must be answered is whether the pretrial order should be amended to allow OFC to file its dispositive motion based upon the preclusive effect of the state court judgment *after* the deadline for filing dispositive motions set in the pretrial order has passed and despite the fact that no mention was made in the pretrial order of any defense based on the preclusive effect of the state court action. The answer to this question involves an analysis of the necessary standard to amend the pretrial order in light of the Congressional directive that a federal court should give preclusive effect to state court judgments whenever the court of the state from which the judgment emerged would do so.

■ Rule 16(e) of the Federal Rules of Civil Procedure provides that the final pretrial order "shall control the subsequent course of the litigation" unless modified by the district court "to prevent manifest injustice." The language of Local Rule 213(c) mirrors the language of Rule 16(e). Thus, once entered, a pretrial order is not to be altered absent a showing of manifest injustice to the moving party. The decision to modify the final pretrial order is within the sound discretion of the district court. *Allen v. United States Steel Corp.*, 665 F.2d 689, 696 (5th Cir.1982). As a general rule this Court would permit an amendment to raise a "new defense" and to file a dispositive motion based thereon only upon the strongest of showings. This case meets that standard.

Kansas courts have adhered to an extremely tenacious one-trial-of-issues policy in cases subject to the comparative fault statute. A detailed discussion of the evolution of Kansas comparative fault law as it applies to the one-action concept is contained in *Mick v. Mani*, 244 Kan. 81, 766 P.2d 147 (1988). Without repeating that entire historical review, a reference to the cases which set out this rule reveals just how strong a stance Kansas courts have taken.

The Kansas Supreme Court first analyzed the legislative intent of the Kansas comparative fault statute in *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978). In *Brown*, the Court concluded that the intent and purpose of the legislature in adopting K.S.A. 60–258a was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined as a litigant or be held legally responsible for his or her proportionate fault. *Brown*, 224 Kan. at 207, 580 P.2d 867.

Shortly after the *Brown* decision, the Kansas Supreme Court barred a second trial among joint tortfeasors based on the one-action concept in *Eurich v. Alkire*, 224 Kan. 236, 579 P.2d 1207 (1978). The Kansas Supreme Court stated:

[W]e believe it was the intent of the legislature to fully and finally litigate all causes of action and claims for damage arising out of any act of negligence subject to K.S.A. 60–258a. The provision for determining the percentage of causal negligence against each person involved in a negligence action contemplates that the rights and liabilities of each person should be determined in one action. Because all issues of liability are determined in one action there can be no reasonable argument that the issues should be relitigated. Likewise, there is no reasonable argument for the proposition that a claim for damage arising out of one collision or occurrence should not be presented at the time negligence is originally determined.

We conclude that all persons who are named as parties and who are properly served with summonses are bound by the percentage determination of causal negligence. *Because the statute contemplates that each party has a right to cross-claim against any or all other parties to a lawsuit, we hold that any party who fails to assert a claim*

*against any other party in a comparative negligence action is forever barred.* *Eurich,* 224 Kan. at 237–38, 579 P.2d 1207 [emphasis added].

The Kansas Supreme Court further expanded on the one-action concept in *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 634 P.2d 1127 (1981). In *Albertson,* the Court stated that having once obtained a satisfied judgment for a portion of his or her injuries in a comparative negligence action, a plaintiff could not bring an action to recover damages for the remaining portion of those injuries against a defendant not a party to the first action. The Court held that under the doctrine of comparative fault all parties to an occurrence must have their fault determined in one action, even though some parties cannot be formally joined or held legally responsible. Those not joined as parties or for determination of fault escape liability. *Albertson,* 230 Kan. at 374, 634 P.2d 1127.

The only exceptions the Kansas courts have carved out of the one-action rule arise when there has been no prior judicial determination of fault. In *Mathis v. T G & Y,* 242 Kan. 789, 751 P.2d 136 (1988) and *Anderson v. Scheffler,* 242 Kan. 857, 752 P.2d 667 (1988), the courts modified the strong language of *Albertson* to allow a plaintiff to sue another tortfeasor after settlement with another where there was no determination of comparative fault by trial. Similarly, the court in *Childs v. Williams,* 243 Kan. 441, 757 P.2d 302 (1988) found that a friendly suit required by law to approve a minor's settlement was not a judicial determination of comparative fault and allowed the plaintiff to bring a subsequent suit against an additional defendant.

Thus, the only exceptions to the one-action rule arise when there has been no prior judicial determination of fault. The court in *Mick v. Mani,* 224 Kan. 81, 766 P.2d 147 (1988) characterized the one-action rule as a one-trial rule. Once there has been a trial where the issue of fault is determined, Kansas courts have unanimously held that a plaintiff is forever barred from bringing an action against a party who should have been joined in the prior suit.

■ This case differs on the facts from many of those analyzed by the Kansas courts due to the fact that JMC was not a plaintiff in the Kansas state court case and JMC never brought a cross-claim against OFC in the Kansas state court case. However, pursuant to K.S.A. 60–213(g), JMC was required to bring its claim against OFC in the Kansas state court action. K.S.A. 60–213(g) provides for compulsory cross-claims in actions involving claims governed by 60–258a. The statute reads as follows:

(g) *Compulsory cross-claim against co-party.* In an action involving a claim governed by K.S.A. 60–258a and amendments thereto, a party shall state as a cross-claim any claim that party has against any co-party arising out of the transaction or occurrence that is the subject matter of the claim governed by K.S.A. 60–258a and amendments thereto.

K.S.A. 60–213(g).

JMC and OFC were both named defendants in the state court suit. Therefore, pursuant to K.S.A. 60–213(g), JMC was *required* to state as a cross-claim *any* claim, including any contract claim, JMC had against OFC arising out of the occurrence of the fire. Because any claim JMC had against OFC was required to be brought as a compulsory cross-claim in the state court action, we must treat JMC as though such a claim had been brought. K.S.A. 60–213(g) does not create any exceptions either where a party files a federal action instead of a second state action or where a party has previously filed the other action which raises the claim. Because there was a judicial determination of fault in the state court action and JMC failed to bring its compulsory cross-claim, the Kansas cases interpreting the one-action rule make it clear that a Kansas court would bar the claim of JMC against OFC here.

■ JMC argues, however, that OFC waived any right to rely on the preclusive effects of the State court judgment in the federal case by not referring to such a possible defense in the pretrial order. That

argument has much appeal, especially where the issue is whether or not to permit an amendment of the pretrial order. Upon review of the Kansas decisions, however, this Court does not believe the defense was waived. The Kansas Supreme Court analyzed the waiver issue in *Mick v. Mani,* 244 Kan. 81, 766 P.2d 147 (1988). In *Mick,* the plaintiff argued that the one-action rule was but an extension of the doctrine of res judicata. From there plaintiff concluded that, as res judicata is an affirmative defense pursuant to K.S.A. 60–208(c), the failure of defendant Mani to assert it in his answer was a waiver of that defense. The Court concluded that plaintiff's arguments were without merit and permitted the issue to be raised for the first time some three years after the defendant had filed its answer without ever making reference to a possible "one action rule" defense. The Court noted that the one-action rule was not an extension of the doctrine of res judicata but the result of legislation. The Court found that the triggering event for the one-action defense had been the verdict in the concurrent state case and that Mani had promptly moved for summary judgment following that verdict.

The facts in *Mick* are analogous to our case. By virtue of the exceptions to the one-action rule set forth in *Mathis* and *Anderson,* JMC's claim against OFC was viable until the state court judicial determination of fault. At any time prior to the judgment of fault, the landlord could have settled or dismissed the state court action, which would have preserved the ability of JMC to pursue its claim against OFC in another action. The triggering event which gave rise to OFC's one-action rule defense was the state court verdict. OFC promptly filed its summary judgment motion following that verdict.

The full faith and credit principles embodied in 28 U.S.C. § 1738 require this Court to give the same preclusive effect to the Kansas state court judgment as would another Kansas state court. Based on the extremely strong one-trial-of-issues policy embodied in the Kansas state court decisions, particularly *Eurich v. Alkire,* 224 Kan. 236, 579 P.2d 1207 (1978) and *Mick v.*

*Mani,* 244 Kan. 81, 766 P.2d 147 (1988), this Court concludes that JMC would be barred from bringing its claims against OFC in a Kansas state court. This is due to the strong one-action policy adopted by the Kansas courts and JMC's failure to bring a compulsory cross-claim against OFC in the state court action as required by K.S.A. 60–213(g). While it is true that JMC filed its complaint in this Court one week prior to the filing of the complaint by the landlord in state court, this does not excuse JMC from diligently pursuing its rights in the state court action. It is well established law that cases may proceed concurrently in federal and state courts, at least until a verdict is reached in one which may then be set up as res judicata in the other. *Skelly Oil Co. v. Phillips Petroleum Co.,* 174 F.2d 89 (10th Cir.1949). Thus JMC is barred.

■ Although Kansas comparative fault scheme contemplates that each party to a lawsuit is required to file cross-claims against any or all other parties to a lawsuit or be forever barred, a person who has not been made a party to a comparative fault case is not bound by the judgment therein, even if his or her causal fault is determined. *Eurich,* 224 Kan. at 238, 579 P.2d at 1209. This limitation is relevant to the question of whether the claims of plaintiffs Safeco Insurance Company of America ("Safeco") and Richard Hornung ("Hornung") are barred by the Kansas one-action rule.

Although Safeco was not a party to the state court action here, its claims are derivative in nature. Safeco's claims against OFC evolve from the subrogation rights it obtained by virtue of its payments as the insurer of JMC. It is clear under Kansas law that the insurer succeeds only to the rights of the insured, and no new cause of action is created. *Burke v. Schroth,* 4 Kan.App.2d 13, 601 P.2d 1172 (1979). Any defenses good against the insured are likewise good against the insurer. *Shelman v. Western Casualty and Surety Co.,* 1 Kan. App.2d 44, 562 P.2d 453 (1977). Because Safeco stands in the shoes of JMC due to the derivative nature of its claim, the Kan-

sas one-action rule that bars the claims of JMC in this case also bars the claims of Safeco.

 As to the claims of Hornung, it is undisputed that Hornung was not a party to the Kansas action. Therefore, the Kansas one-action rule does not bar the claims of Hornung in this case. Additionally, the Court retains subject matter jurisdiction over Hornung's claims. This action was filed when the minimum jurisdictional amount for diversity jurisdiction cases was $10,000 exclusive of costs and interest. It is not a certainty that the damages claimed by Hornung are less than the jurisdictional amount.

*IV. Conclusion.*

IT IS, THEREFORE, BY THE COURT ORDERED THAT:

(1) Defendant OFC's motion for summary judgment dated April 16, 1990 (Doc. 63) is denied;

(2) Defendant OFC's motion to amend the pretrial order dated September 6, 1990 (Doc. 76) is granted;

(3) Defendant OFC's motion for summary judgment and dismissal dated September 6, 1990 (Doc. 74) is granted as to all claims of JMC and Safeco and is denied as to all claims of Hornung;

(4) This case remains on the docket as the number one case for trial to the jury on the claims of Hornung, to begin January 21, 1992 at 9:00 A.M.; and

(5) Suggested instructions shall be submitted at least five days in advance of trial.

IT IS SO ORDERED.