**JOSEPH MANUFACTURING COMPANY, INC., and Safeco Insurance Company of America, Plaintiffs–Appellants,**

v.

**OLYMPIC FIRE CORPORATION, Defendant–Appellee.**

No. 92–3074.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1993.

Rehearing Denied March 30, 1993.

Richard T. Merker (Thomas D. Billam with him, on the briefs) of Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for plaintiffs-appellants.

Donald Patterson of Fisher, Patterson, Sayler & Smith, Topeka, KS, for defendant-appellee.

Before SEYMOUR, MOORE, and ANDERSON, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Joseph Manufacturing Company, Inc., and Safeco Insurance Company of America, plaintiffs, appeal the dismissal of their claims for breach of contract, breach of implied warranty, and negligence on the ground their federal action was barred by the res judicata effect of a state court judgment. *Joseph Mfg. Co. v. Olympic Fire Corp.*, 781 F.Supp. 718 (D.Kan.1991). Joseph and Safeco contend the district court erred in permitting the defendant, Olympic Fire Corporation, to raise the state court judgment in a dispositive motion long after the time the pretrial order had designated. Olympic maintains in cases involving comparative negligence, Kansas law mandates joinder of all inter-party claims and, following judgment, bars any claim not joined. Hence, Olympic argues the district court correctly allowed it to amend the pretrial order to raise the preclusion defense. We conclude the district court erroneously found amendment of the pretrial order was required to avoid manifest injustice to the defendant under the facts of this case and reverse.

In February or March 1987, Joseph returned a postcard mailed by Olympic, indicating Olympic should inspect and service its two fire extinguishers located at Joseph's place of business. Joseph paid for the service and pressurizing, but a month later, a fire broke out in its dock area, and neither fire extinguisher functioned. The fire spread, causing extensive property damage before the fire department extinguished it.

On April 20, 1989, Richard Hornung, Joseph's owner, together with Joseph and Safeco, Joseph's insurer, filed this diversity suit in federal court (federal action) claiming Olympic breached its service contract and implied warranty in failing to maintain or negligently maintaining and servicing the fire extinguishers. Mr. Hornung sought damages for personal injury and property loss. He settled his claim prior to the dispositive summary judgment motion and is not a party to this appeal.

One week after the federal action was filed, on April 27, 1987, the owner of the building leased by Joseph filed suit in Johnson County, Kansas, (state action) against

Olympic and Joseph, her lessee.[1] In the state action, Joseph was not represented by the attorney who represented it in the federal action; however, counsel for Olympic was the same in both cases.

During trial in August 1990, the state court granted Joseph's motion for directed verdict based on a lease provision exonerating the tenant from liability for any fire losses caused to the premises. Despite this holding, the state court permitted the jury to compare fault between Joseph and Olympic as if Joseph had remained a party.[2] The jury concluded Olympic was 55% at fault, and Joseph was 45% at fault.

Armed with that state judgment, on September 6, 1990, Olympic returned to federal court and filed a motion for summary judgment, contending Joseph had failed to file a counterclaim asserting the negligence and breach of warranty claims in the state court; therefore, by operation of the Kansas one-trial rule, the plaintiffs were precluded from litigating those issues in federal court. Contemporaneously, Olympic filed a motion to amend the pretrial order to permit the filing of the summary judgment motion. The motion to amend was required because a scheduling order entered on August 4, 1989, had set December 1, 1989, as the deadline for filing motions to amend or to add parties. That same order also set February 5, 1990, as the date of the final pretrial conference and imposed a deadline of April 16, 1990, for the filing of all dispositive motions.

Joseph objected to the motions, but the issues were not resolved until almost a year later, on November 14, 1991, when the case was reassigned to a new presiding judge. Following a hearing, the district court granted the motion to amend and the motion for summary judgment in favor of Olympic on all of Joseph's and Safeco's claims. The court denied summary judgment against Mr. Hornung individually. The court also denied Joseph's later motion for reconsideration, and this appeal followed.

We review a decision on a motion to modify a pretrial order for abuse of discretion. *Burnette v. Dresser Indus., Inc.,* 849 F.2d 1277, 1282 (10th Cir.1988). We begin our review with an analysis of the district court's reasoning.

Obviously, the court was troubled by two divergent, but nonetheless compelling points. First, Kansas law does indeed have the preclusive effect advocated by Olympic. Thus, the court believed itself constrained to dismiss plaintiffs' claims under the full faith and credit clause. Second, however, were the peculiar circumstances of this case which then seemingly denied plaintiffs any effective right to litigate their federal claims. Faced with this dilemma, the court ultimately concluded it was bound by 28 U.S.C. § 1738[3] to give judgment to Olympic because a state court would do so.

We do not take issue with the district court's analysis of either the law of Kansas or the mandates of the full faith and credit clause. Rather, our disagreement is with its application of Fed.R.Civ.P. 16(e).

In our view, the keystone of this case is Rule 16(e). Before Olympic could even raise the merits of the state law as the basis of its preclusion defense, it had to demonstrate it was entitled to modify the pretrial order in the first instance.[4] If

---

1. The landlord alleged a negligence cause of action against Olympic and Joseph, and a claim for breach of contract against Olympic.

2. The federal district court found that the state court had acted pursuant to Kan.Stat.Ann. § 60-258a(c) (1991 Supp). That statute provides in part:

    On motion of any party against whom a claim is asserted for negligence resulting in ... property damage or economic loss, any other person whose causal negligence is claimed to have contributed to such ... property damage or economic loss, shall be joined as an additional party ·to the action.

3. Section 1738 provides, in part:

    [The] judicial proceedings [of a state] shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.

4. To this point, it has not been established whether the state law is substantive or procedural. *Resolution of that question is not essential to our analysis, however.* For the sake of this disposition only, then, we shall presume it is substantive and, therefore, binding on federal courts.

defendant could not do so, the defense was eliminated regardless of the state of Kansas law.

Initially, we note, when entered, the pretrial order was silent on what the district court called, "the possible preclusive effect of the state court litigation." 781 F.Supp. at 720. We also note when the federal pretrial order was concluded, the pendency of the state action and its status were well known to counsel for Olympic. Whether Joseph's federal counsel knew of the status of that action is not certain from the record, but he claims he was not apprised. That claim is not significantly controverted by any fact in our record. We must also presume that both counsel, Kansas practitioners, were aware of the existence of the one-trial rule; however, whether each was equally aware of its applicability to this case is problematical. Based on subsequent events, however, it appears to us Olympic's attorney was more certain than plaintiffs' counsel that it would have applicability here.

Nonetheless, the state action proceeded to judgment without any consideration of the claims Joseph and Safeco asserted against Olympic in the federal action. The record, however, contains evidence that Joseph's state counsel attempted to file a late counterclaim which was resisted by Olympic partly on the ground that allowing the counterclaim would subject Olympic to "needless duplicitous action." Olympic now explains that it resisted the counterclaim because its purpose was to seek indemnity and not to raise issues dealing with comparative negligence. That explanation notwithstanding, the state court pleading suggests Olympic is guilty of advocating a double standard regarding the necessity for joining all issues by taking diametrically opposed positions in state and federal court.

This is particularly clear when one considers Kan.Stat.Ann. § 60–213(g) (1991 Supp.),[5] the statute upon which Olympic

bases its whole argument regarding the necessity for filing cross claims in all Kansas comparative negligence cases. That provision simply states *any* claim a party has against any co-party shall be joined in a cross claim. A claim for indemnification falls within that definition.

Although we do not have a record of the entire state action, the parties do not dispute Joseph was ultimately absolved of any liability to the owner of the premises. The judgment entered subsequently against Olympic established that as between it and Joseph, Olympic was 55% responsible for the damages to the owner. However, the jury did not resolve whether Olympic breached its duty to Joseph on the warranty claim or otherwise.

In this context, then, the district court was called upon to decide whether Olympic should be allowed to assert, as a conclusive defense, Kansas law precluded further action in federal court. Although the court correctly concluded Rule 16(e) provides a final pretrial order will not be modified absent a showing of manifest injustice, it found, without any explanation of its reasoning, this case met the standard. We must disagree.

The facts make plain Olympic could have raised the potential of a preclusion defense at the federal pretrial hearing. The court and the parties would then have been alerted to the possibility, and plaintiffs could have taken steps to protect their interests in this case. That was not done.

At oral argument, Olympic's counsel said he did not do so because the effect of the judgment in the state action was not final and therefore unknown until the jury returned its verdict. For that reason, he urged, he could not have raised the issue of preclusion sooner than he did. This answer though facile is unsatisfactory.

Nothing in Rule 16 prevents a party from identifying a potentially controlling

---

5. Section 60–213(g) states:
   *Compulsory cross-claim against co-party.* In an action involving a claim governed by K.S.A. 60–258a and amendments thereto, a party shall state as a cross-claim any claim that party has against any co-party arising out of the transaction or occurrence that is the subject matter of the claim governed by K.S.A. 60–258a and amendments thereto.

legal principle simply because it is inchoate at the time the pretrial order is drafted. Olympic's counsel knew of the existing state action and its potential effect upon the parties prior to the entry of the federal pretrial order; therefore, his failure to timely raise the defense cuts deeply against his claim of manifest injustice. Indeed, "if the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial] conference or if modification would place a great burden on the opposing party, then it may not be allowed." 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1527, at 287–89 (1990). Both of those conditions are present in this case. Thus, if any injustice ever arose from these facts, it is the effect of defendant's silence on the plaintiffs.

The district court, too, considered whether Olympic's failure to raise the preclusion issue in the pretrial order should be taken into account. Recognizing the "argument has much appeal, especially where the issue is whether or not to permit an amendment of the pretrial order," 781 F.Supp. at 723, the court was nonetheless convinced that because the preclusion defense could not be waived under Kansas law, the failure to raise the issue was not conclusive. We differ because we do not believe the question here requires consideration of whether Olympic can waive its preclusion defense.

The only question the court needs to decide is whether, under federal law, the denial of defendant's motion to amend the pretrial order would result in manifest injustice. That issue stands apart from consideration of whether the defense can be waived under Kansas law.

The result of the district court's ruling effectively denies plaintiffs a fair day in court. As the proceedings unwound in state and federal court, plaintiffs were never given the opportunity to prove their claims of negligence and breach of warranty. The state jury determined only the relative fault between Joseph and Olympic as that fault was applicable to the property

owner's liability claim. Peculiarly, the determination was made even though Joseph had no liability to the property owner.

To absolve Olympic of any responsibility for this consequence by accepting its claim of manifest injustice based on its taking advantage of these deliberate acts is in keeping neither with the principles of the federal rules of civil procedure nor the spirit of Kansas law. Indeed, such a result permits defendant to ambush plaintiffs at the junction of state and federal jurisdiction.

We note, in passing, the purpose Kansas seeks to serve with its one-action rule is not abused by our holding. While we would not necessarily so hold in every case, the peculiar facts of this one lend themselves to such a conclusion. The obvious underlying intent of the Kansas rule is to resolve finally and fairly all damage claims arising from a negligence action in one suit. *Eurich v. Alkire*, 224 Kan. 236, 579 P.2d 1207 (1978). The contemporaneous existence of both the state and federal actions involving the parties in this instance serves the functional equivalent of one suit in keeping with the underlying purpose of Kansas law. Indeed, the federal action was, we assume, the very substance of what the state counterclaim might have been. To now deprive the plaintiffs of their right to litigate because they did not file the identical claim in state court would make Mr. Bumble blush.[6]

Moreover, of paramount concern in Kansas or federal courts, even given the preclusive effect of Kansas law, is the full and fair litigation of claims. Because of that concern, the law should not be allowed to euchre a party out of pending litigation that would result in such a determination.

Having arrived at this decision, we need not consider the other issues raised by the parties including Olympic's claim for attorney fees based upon a frivolous appeal. The judgment of the district court is REVERSED. The cause is REMANDED for

---

6. "If the law supposes that, the law is a ass, a idiot." Charles Dickens, *Oliver Twist*, ch. 1.

further proceedings in keeping with this opinion.