**Anibal CANALES, Plaintiff,**

v.

**Anthony J. PRINICIPI, Secretary of Veterans Affairs, Defendant.**

**Civ.A. No. 01–F–677(BNB).**

United States District Court,
D. Colorado.

March 31, 2004.

Barry Douglas Roseman, Roseman & Kazmierski, LLC, Denver, CO, Lynn J. Ellins, Lynn J. Ellins, Attorney at Law, Erie, CO, for plaintiff.

Nina Wang, Michael E. Hegarty, United States Attorney's Office, Denver, CO, for defendant.

## ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on the **Plaintiff's Motion to Amend Final Pretrial Order** (the "Motion"), filed March 22, 2004. The motion

seeks two things: (1) amendment of the pretrial order to permit Dr. Joe Swartz to testify by deposition rather than live; and (2) amendment of the pretrial order to add Dr. Larry Eckstein as an additional expert witness. The Motion is GRANTED to allow Dr. Swartz's testimony by deposition and DENIED with respect to adding Dr. Eckstein as an expert witness.

The Final Pretrial Order was entered on June 20, 2002, and the trial was set to begin on February 3, 2003. On the first day of trial, the plaintiff moved for a continuance based on medical necessity. That motion was granted, and the trial was reset to April 12, 2004. This Motion to amend the pretrial order was not filed until March 22, 2004, just three weeks before trial.

■ A pretrial order "measures the dimensions of the lawsuit." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). Its purpose is to " 'insure the economical and efficient trial of every case on its merits without chance or surprise.' " *Id.* (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir.1987)). A pretrial order may be amended only to prevent manifest injustice. Fed.R.Civ.P. 16(e). The party moving to amend a pretrial order bears the burden of proof that manifest injustice will occur absent the requested amendment. *Davey*, 301 F.3d at 1208. "Because the issues and defenses of the lawsuit are defined by the terms of the [pretrial] order, 'total inflexibility is undesirable.' " *Id.*

■ This circuit applies a four factor analysis in determining whether to allow the amendment of a pretrial order: (1) the prejudice or surprise in fact to the party against whom the proposed witness would testify; (2) the ability of that party to cure such prejudice; (3) the extent to which allowing the addition of a witness would disrupt the orderly and efficient trial of the case or of other cases in court; and (4) bad faith or willfulness by the moving party to comply with the court's pretrial order. *See Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir.2000); *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir.1980). In applying these factors, the paramount concern must be to assure "the full and fair litigation

of claims." *Joseph Manf'g Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993). Modification should be allowed "when the danger of surprise is small and a failure to amend might result in an injustice to the moving party." *Bridge Publications, Inc. v. F.A.C.T.Net, Inc.*, 183 F.R.D. 254, 258–59 (D.Colo.1998)(quoting 6A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1527 at 287 (1990)).

The defendant does not oppose allowing Dr. Swartz to testify by deposition. Accordingly, that portion of the Motion is granted without further discussion.

■ With respect to the second part of the Motion—the addition of Dr. Eckstein as an expert witness for the plaintiff—I find that the plaintiff has failed to demonstrate that failure to allow the amendment would result in manifest injustice.

### 1. Surprise and Prejudice to the Defendant

The defendant will be both surprised and prejudiced if I allow the late designation of Dr. Eckstein as an expert for the plaintiff. Expert witness designations and reports were due in December 2001. The defendant relied on the plaintiff's designations in making his rebuttal designations. Dr. Eckstein alters the theory of the case previously endorsed by the plaintiff. *Compare* Plaintiff's Expert Witness Report of Dr. Swartz, attached as Exh. A–3 to the Response (opining that the plaintiff's disability is the result of "interstitial cyctis, recurrent and intractible urinary stone formation with renal colic, and chronic fatigue secondary to chronic pain condition secondary to the forgoing") and letter report of Larry Eckstein, M.D., attached as Exh. 5 to the Motion (stating that "Mr. Canales is partially disabled due to his chronic pain and fatigue"). The defendant states that he has not endorsed a medical expert to rebut this theory, and I find that it is unreasonable to require him to do so two weeks before trial.

In addition, there is no indication that the plaintiff could not have endorsed Dr. Eckstein as an expert prior to the entry of the pretrial order. In support of his Motion, the

plaintiff has attached Dr. Eckstein's letter dated January 26, 2000, two years before expert designations were due and two-and-one-half years prior to the entry of the pretrial order, which generally addresses his opinions about the plaintiff's medical condition and disability. If the plaintiff believed Dr. Eckstein's opinions were necessary to prove his case, he could and should have designated him long ago.

The surprise and prejudice to the defendant is exacerbated by the plaintiff's failure to provide an expert report by Dr. Eckstein pursuant to Fed.R.Civ.P. 26(a)(2) or to supply the underlying medical records. Consequently, at a point now just two weeks before trial the plaintiff asks me to impose on the defendant not only the burden of preparing to respond to Dr. Eckstein's opinions, but also the burden of ascertaining the specifics of those opinions.

In short, I find that the defendant would be substantially surprised and prejudiced were I to allow the late endorsement of Dr. Eckstein. The extent and specifics of his opinions are not known to the defendant; the defendant has not had an opportunity to designate an expert of his own to rebut Dr. Eckstein's opinions; and it appears that Dr. Eckstein's opinions will alter the issues at trial.

## 2. Ability to Cure the Prejudice

It is easy to say that two weeks remain before trial, time enough to allow the defendant to depose Dr. Eckstein and prepare to rebut his opinions. As a practical matter that simply is not so, as trial lawyers plainly know. Two weeks before trial, counsel are heavily burdened preparing their cases. It is unreasonable and unfair to compound the work of one side, here the defense, by requiring it to undertake the deposition of a medical expert and the nearly instantaneous preparation of a rebuttal case. This is particularly true here, where Dr. Eckstein has not provided a Rule 26(a)(2) report.

Nor is there sufficient time, once Dr. Eckstein's opinions are fully known, for the defense to identify and retain a rebuttal expert and for that rebuttal expert to prepare his own opinions. In a case like this, involving the subjective issues of chronic pain and fatigue, the defense might seek an independent medical examination of the plaintiff to assist in rebutting Dr. Eckstein's opinions, and there is no time for that.

There is insufficient time for the defendant to overcome the prejudice and surprise that would accrue were I to allow the late endorsement of Dr. Eckstein as an expert for the plaintiff.

## 3. Disruption To the Orderly and Efficient Trial of Cases

The trial of this case already has been continued once. It is an old case, having been filed nearly three years ago. Allowing the late designation of Dr. Eckstein could lead to a further continuance, which is disruptive to the orderly management and processing of cases as a whole.

## 4. Bad Faith or Willfulness

The plaintiff states his motivation to add Dr. Eckstein as an expert as follows:

> Plaintiff's motion to add Dr. Eckstein as an expert witness resulted from his new attorney's discovery, less than two weeks ago, that the only medical expert designated by Plaintiff in the Final Pretrial Order will not be available to testify at trial during the week of April 12, 2004 because he is out of the country and will not be in the vicinity of a videoconference facility.

Motion, at ¶ 13. Although that does not show any bad faith, it does show a lack of diligence. It is the responsibility of the plaintiff to assure the availability of his experts for trial. There is no indication that the plaintiff served a subpoena on Dr. Swartz to assure his presence at trial. There is no indication that Dr. Swartz was called out of the country suddenly or unexpectedly. To the contrary, the plaintiff has attached as an exhibit to the Motion an e-mail from Dr. Swartz which states that he has sold his medical practice.

In any event, Dr. Swartz's testimony is available by deposition. A deposition may or may not be as effective as live testimony, but there is no manifest injustice to the plaintiff where the testimony he has indicated an

intention upon which to rely is available by deposition.

On similar facts, discretionary decisions denying motions to amend pretrial orders have been affirmed. *See Burks v. Oklahoma Publishing Co.*, 81 F.3d 975, 978–80 (10th Cir.1996); *Grant v. Brandt*, 796 F.2d 351 (10th Cir.1986); *In re Mellor*, 226 B.R. 451, 457 (D.Colo.1998).

IT IS ORDERED that the Motion is GRANTED IN PART and DENIED IN PART as follows:

GRANTED to allow the testimony of Dr. Swartz by deposition transcript; and

DENIED insofar as the plaintiff seeks to add Dr. Eckstein as an expert witness.